# Exhibit A

# COMMONWEALTH OF VIRGINIA

LYNCHBURG CIRCUIT COURT
Civil Division
900 COURT STREET P. O. BOX 4
LYNCHBURG VA 24505
(434) 455-2620

Summons

To: LYNCHBURG CITY SCHOOL BOARD
DIVISION SUPERINTENDENT OF
LYNCHBURG CITY SCHOOLS
CHIEF ADMR OFFICER OF BOARD
915 COURT STREET
LYNCHBURG VA 24504

Case No. 680CL26000612-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Thursday, July 09, 2026

Clerk of Court: TODD SWISHER

by [signature]
(CLERK/DEPUTY CLERK )

Instructions:

Hearing Official:

Attorney's name: HARDING, ELLIOTT M
2805 MEADOW VISTA DRIVE
CHARLOTTESVILLE VA 22901

**VIRGINIA**

**IN THE CIRCUIT COURT FOR THE CITY OF LYNCHBURG**

**SCEAUNCIA PARR,**
**individually and as next friend of W.C.P., a minor;**

**W.C.P., a minor,**

**Plaintiffs,**

**v.** **Case No.** CL26-612

**LYNCHBURG CITY SCHOOL BOARD,**
**Serve:**
**Division Superintendent of Lynchburg City Schools,**
**Chief administrative officer of the Board,**
**915 Court Street, Lynchburg, VA 24504,**

**Defendant.**

---

## COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND DAMAGES

NOW COME the Plaintiffs, Ms. Sceauncia Parr, individually and as next friend of her minor son W.C.P., and W.C.P., by and through counsel, and for their Complaint against the Defendant, Lynchburg City School Board ("the Board"), state as follows.

### NATURE OF THE ACTION

1. Virginia's General Assembly forbids what the Board. By statute effective July 1, 2025, no Virginia school board may suspend a student as a consequence of a cell phone policy violation, and no such violation alone may constitute sufficient cause for any suspension. Va. Code § 22.1-79.3:1(B)(5), (C); Va. Code § 22.1-277(A). The Board charged W.C.P. with a single offense, a cell phone policy violation, and on that single charge suspended him for ninety school days.

2. The ninety-school-day length independently exceeded the Board's authority. A long-term suspension may run beyond forty-five school days only where the offense is a firearm or drug offense, involves serious bodily injury, or the Board finds aggravating circumstances as defined by the Department of Education. Va. Code § 22.1-277.05(C). None of those predicates was present, and the Board made no aggravating-circumstances finding.

3. The Board adjudicated W.C.P. on one charge and then imposed a penalty explicable only by reference to uncharged conduct, the content of his communications, of which he had no notice and no opportunity to defend. That failure of notice deprived W.C.P. of procedural due process.

4. Plaintiffs seek a declaration that the discipline is void and unlawful, an injunction vacating the suspension and expunging W.C.P.'s record, his reinstatement to in-person instruction and full extracurricular participation for the 2026 to 2027 academic year without condition, damages under 42 U.S.C. § 1983, and attorney's fees and costs under 42 U.S.C. § 1988(b).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under Va. Code § 17.1-513, which vests the circuit courts with jurisdiction over all civil cases at law and in equity, including proceedings for declaratory judgment and injunctive relief.

6. This Court has authority to enter declaratory relief under the Declaratory Judgment Act, Va. Code §§ 8.01-184 through 8.01-191. Section 8.01-184 empowers the circuit courts, in cases of actual controversy, to make binding adjudications of right in controversies involving the interpretation of statutes and other governmental regulations. An actual, justiciable controversy exists between the parties over the lawfulness and present effect of the discipline imposed on W.C.P. The Court may grant further relief based on its

declaration, including the injunctive relief and expungement sought here, under Va. Code § 8.01-186.

7. This Court has authority to award injunctive relief under Va. Code § 8.01-620, and to award a temporary injunction under Va. Code § 8.01-628.

8. This Court has concurrent jurisdiction over the claim arising under 42 U.S.C. § 1983. State courts of general jurisdiction are competent to adjudicate § 1983 claims and may not refuse to do so. *See, e.g.*, *Howlett v. Rose*, 496 U.S. 356 (1990); *Maine v. Thiboutot*, 448 U.S. 1 (1980). A prevailing plaintiff recovers reasonable attorney's fees under 42 U.S.C. § 1988(b) in this Court as in any court.

9. W.C.P. sues by his next friend under Va. Code § 8.01-8.

10. Venue is proper in this Court. This action seeks an injunction against an act being carried out in the City of Lynchburg, so preferred venue lies here under Va. Code § 8.01-261(15)(c), which fixes venue for a proceeding to enjoin an act in the circuit court of the city in which the act is being done. Venue is independently proper under Va. Code § 8.01-262, because the Defendant's principal office is in the City of Lynchburg and a substantial part of the acts and omissions giving rise to the claims occurred there.

## PARTIES

11. Plaintiff Sceauncia Parr resides in the City of Lynchburg, Virginia. She is the parent of W.C.P. and sues individually and as his next friend.

12. Plaintiff W.C.P. is a minor, born in 2009, and at all relevant times an eleventh-grade student enrolled at E.C. Glass High School in the Lynchburg City Schools division.

13. Defendant Lynchburg City School Board is a body corporate established under Va. Code § 22.1-71, governing the public schools of the Lynchburg City Schools division. For the

federal claim in Count I, the Board is a "person" subject to suit under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

14. The Board is sued as an entity, and Plaintiffs name no individual officer or member as a Defendant. The challenged discipline was the Board's own final action, for which the Board is directly answerable.

## EXHAUSTION AND FINALITY

15. The Board's decision is final. By letter dated May 15, 2026, the Division Case Manager advised that the decision is "final and not appealable per policy JGD/JGE." No administrative remedy remained, and the controversy is ripe.

## FACTUAL ALLEGATIONS

**The incident**

16. On the morning of May 5, 2026, while participating in a private group chat with three students from another school division, W.C.P. received from another participant information about students associated with that school's lacrosse program. The information consisted of rumors that were already circulating among the student body at the other school.

17. Although W.C.P. wrote the information on paper and returned a photograph of the paper to the same private chat, he asked the other participants to keep the matter within the group, he did not share it more widely, and he neither invited nor encouraged anyone else to share it.

18. The photograph reached the wider community through the act of another. A different participant in the chat displayed the photograph to teammates outside the group, and

others then distributed it further, until it came to the attention of parents and, eventually, school officials and the Lynchburg Police Department.

19. W.C.P. was not the source of any claim reflected in the photograph, and no claim has been made, and no evidence has been offered, that anything he repeated was false or that he knew or believed it to be false.

**The charge**

20. On May 6, 2026, Principal Daniel Rule submitted a Behavior Detail Report identifying a single offense, "Possession or use of portable communication devices in violation of school policy," which corresponds to Virginia Department of Education behavior support offense code BSO13. The Report imposed a ten-day short-term suspension running from May 6, 2026 to May 19, 2026.

21. A subsequent amended Behavior Detail Report corrected the narrative to reflect that W.C.P. shared the photograph privately with a group rather than posting it publicly. The amended Report identified the same single offense.

22. On May 7, 2026, Principal Rule issued a Notice of Long-Term Suspension Recommendation. Under the heading "VDOE Offense Code(s) Violated by Student," the Notice listed one entry, BSO13. The Notice recommended that the Board or its hearing officer consider a long-term suspension of up to 364 days and alternative placement.

23. The Board never charged W.C.P. with any offense under the codes of student conduct adopted pursuant to Va. Code § 22.1-279.6. The Board never invoked its harassment policy or any procedure requiring investigation by a designated compliance officer, written notice of the specific conduct alleged, or a written determination on that conduct.

**The hearing and the penalty**

24. On the evening of May 14, 2026, a committee of the Board conducted a disciplinary hearing.

25. By letter dated May 15, 2026, the Board advised that "the school board determined [W.C.P.] will be suspended for 90 days and receive Home Educational Services," that he "is able to return to his base school December 14, 2026," and that the decision is "final and not appealable per policy JGD/JGE."

26. The ninety-day suspension is a long-term suspension that exceeds forty-five school days.

27. The offense charged, BSO13, is not an offense described in Va. Code § 22.1-277.07 or § 22.1-277.08, and the events did not involve serious bodily injury.

28. The Board made no finding that aggravating circumstances exist as defined by the Department of Education. Neither the Behavior Detail Report, the amended Report, the Notice of Long-Term Suspension Recommendation, nor the May 15 decision letter records any such finding.

**The content-charge mismatch**

29. Although the charging vehicle was a content-neutral cell phone offense, the Board's documents describe the content of W.C.P.'s communications in detail and treat that content as the operative basis for the recommended 364-day suspension and the ninety-day decision.

30. W.C.P. received notice that he was charged with a cell phone policy violation. He did not receive notice that the content of his communications, characterized as harassment or as a threat to school safety, would be adjudicated against him or would drive a ninety-school-day exclusion.

31. The Notice of Long-Term Suspension Recommendation and the Behavior Detail Report invoked the safety of an upcoming regular-season lacrosse game as a justification for excluding W.C.P. That regular-season game was canceled by forfeit, and the two teams later played in the post-season without incident.

32. After the May 14 hearing, the Board permitted W.C.P. to enter E.C. Glass High School in person, on school property, to sit final examinations, including four Advanced Placement examinations. The Board's grant of access for examinations cannot be reconciled with a finding that W.C.P. posed a safety concern warranting his continued exclusion from extracurricular activities.

**Harm**

33. The discipline injures W.C.P. specifically and concretely, in ways no member of the general public shares. He has no prior disciplinary record, yet he alone bears the suspension, the exclusion from his school and its activities, and the record entry that this action seeks to undo.

34. The suspension cost W.C.P. participation in the remainder of his eleventh-grade lacrosse season during a period material to collegiate recruitment.

35. W.C.P.'s student record contains a long-term suspension that may be subject to disclosure on college applications inquiring into disciplinary history during his senior year.

36. The Home Educational Services placement is not an adequate substitute for in-person instruction at E.C. Glass High School during the final year of high school.

37. Plaintiffs accepted the academic-continuity arrangement and the final-examination accommodations in good faith and solely to preserve academic progress. That acceptance is not acquiescence in the underlying discipline.

## COUNT I

### Deprivation of Procedural Due Process Under 42 U.S.C. § 1983 and the Fourteenth Amendment

### Against the Lynchburg City School Board

38. Plaintiffs incorporate the preceding paragraphs.

39. W.C.P. holds a property interest in his public education arising from Virginia law and a liberty interest implicated by a disciplinary exclusion that stigmatizes and that may be disclosed to colleges. The Fourteenth Amendment forbids the State from depriving him of those interests without due process of law.

40. Before a suspension or expulsion, due process requires notice of the charges and a meaningful opportunity to respond, and the process due increases with the severity of the deprivation. *Goss v. Lopez*, 419 U.S. 565, 581, 584 (1975); *see Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

41. Notice of the charges means notice of the conduct actually being adjudicated. The Board charged W.C.P. with one offense, a cell phone policy violation, then imposed a ninety-school-day penalty intelligible only by reference to the content of his communications. W.C.P. had no notice that this content would be adjudicated and no opportunity to defend against it.

42. A later showing that a student committed the conduct does not excuse the failure to afford constitutionally adequate process. *Goss v. Lopez*, 419 U.S. 565, 581 (1975); *Doe v. Rockingham Cnty. Sch. Bd.*, 658 F. Supp. 403, 407 (W.D. Va. 1987).

43. The deprivation resulted from the Board's own final decision. The Board is the entity with final policymaking authority over student discipline in the division, and its May 14 vote is an official act for which the Board is directly liable. *Monell*, 436 U.S. at 690-91.

As a public entity, the Board is entitled to neither qualified nor absolute immunity, and its liability does not depend on the good faith of its officials. *Owen*, 445 U.S. at 650.

44. As a direct and proximate result, W.C.P. suffered injury entitling him to relief, including nominal and compensatory damages, and Plaintiffs are entitled to reasonable attorney's fees and costs under 42 U.S.C. § 1988(b).

## COUNT II

### Ultra Vires Action for Declaratory and Injunctive Relief

### The Cell Phone Bar, Va. Code § 22.1-79.3:1(B)(5), (C) and § 22.1-277(A)

45. Plaintiffs incorporate the preceding paragraphs.

46. Every Virginia cell phone policy must "[e]xpressly prohibit any student from being suspended or expelled as a consequence of any violation of such policies." Va. Code § 22.1-79.3:1(B)(5). No such violation "shall alone constitute sufficient cause for a student's suspension or expulsion from attendance at school pursuant to § 22.1-277." Va. Code § 22.1-79.3:1(C). No suspension may rest on "only a violation of any student cell phone and smart device possession and use policy developed and implemented pursuant to § 22.1-79.3:1." Va. Code § 22.1-277(A).

47. Where a cell phone violation coincides with disruptive behavior, the discipline must proceed under the codes of student conduct adopted pursuant to Va. Code § 22.1-279.6, charging the coincident misconduct on its own terms. Va. Code § 22.1-79.3:1(C). The Board did not charge any coincident offense, did not invoke § 22.1-279.6, and afforded none of the procedural protections that a code-of-conduct charge requires.

48. The Board suspended W.C.P. for ninety school days on a single BSO13 charge. That discipline is precisely what § 22.1-79.3:1(B)(5) and (C) and § 22.1-277(A) forbid. The Board cannot escape the prohibition by relying on the content of W.C.P.'s

communications, because the cell phone offense is content-neutral and § 22.1-79.3:1(C) routes any content-based discipline to a separate charge under § 22.1-279.6 that the Board never brought. The Board occupied the one position the statute forecloses, charging the cell phone offense while punishing the speech.

49. The Board also departed from its own cell phone policy. Lynchburg City Schools Policy JFCM, adopted November 11, 2025 pursuant to Va. Code § 22.1-79.3:1, provides that "No student will be suspended or expelled solely for a violation of this policy," and its published secondary-school discipline rubric prescribes, for a first cell phone offense, a verbal warning, confiscation of the device, and a call to the parent. The rubric escalates to in-school suspension only at later offenses, and it refers a student to the Discipline Committee only at a tenth offense. A ninety-school-day out-of-school suspension and alternative placement appear nowhere in the rubric for any number of offenses, and W.C.P. had no prior offense.

50. An action taken wholly outside the authority the General Assembly conferred is void, not merely voidable. *Commonwealth v. County Board of Arlington County*, 217 Va. 558, 581, 232 S.E.2d 30, 45 (1977). A school board that acts where a statute denies it authority produces an act that is void from inception. *Butler v. Fairfax County School Board*, 291 Va. 32, 40, 780 S.E.2d 277, 282 (2015); *School Board of Amherst County v. Burley*, 225 Va. 376, 379, 302 S.E.2d 53, 55 (1983). Section 22.1-79.3:1(B)(5) does not limit how the Board exercises a disciplinary power it holds; it withdraws the power to suspend for a cell phone violation. A suspension imposed without that power is void from inception, in the manner of a judgment entered without subject-matter jurisdiction, and remains open

to direct attack and expungement notwithstanding the lapse of the review period in Va. Code § 22.1-87, which governs the review of actions taken within a board's authority.

51. An actual controversy exists. The suspension remains in effect, W.C.P.'s record continues to bear it, and his placement and access for the 2026 to 2027 academic year remain in dispute. Plaintiffs are entitled to a declaration that the discipline is void and to an injunction vacating it and expunging it from W.C.P.'s record.

**COUNT III**

**Ultra Vires Action for Declaratory and Injunctive Relief**

**The Forty-Five-School-Day Cap, Va. Code § 22.1-277.05(C)**

52. Plaintiffs incorporate the preceding paragraphs.

53. A "long-term suspension" is a disciplinary action excluding a student for eleven to forty-five school days. Va. Code § 22.1-276.01.

54. A long-term suspension may extend beyond forty-five school days, and up to 364 calendar days, only if the offense is one described in Va. Code § 22.1-277.07 or § 22.1-277.08, or involves serious bodily injury, or the Board or the superintendent's designee finds that aggravating circumstances exist as defined by the Department of Education. Va. Code § 22.1-277.05(C). The statute enumerates exactly three predicates for exceeding the forty-five-school-day cap, and the enumeration of those three excludes any other basis for a longer suspension.

55. The Board suspended W.C.P. for ninety school days, twice the forty-five-school-day cap.

56. The offense charged was BSO13. It is neither a § 22.1-277.07 firearm offense nor a § 22.1-277.08 drug offense, and the events involved no serious bodily injury. The Board made no finding that aggravating circumstances exist, and it measured W.C.P.'s conduct against no definition of aggravating circumstances supplied by the Department of

Education, as § 22.1-277.05(C) requires. The statute directs that any such definition "shall include a consideration of a student's disciplinary history," Va. Code § 22.1-277.05(C), and W.C.P. has no prior disciplinary record. None of the three statutory predicates is present.

57. The Board's own policy imposes the same limits. Lynchburg City Schools Policy JGD/JGE defines a long-term suspension as eleven to forty-five school days and permits a longer suspension only on a finding of aggravating circumstances, tracking § 22.1-277.05(C). The Board therefore lacked authority, under both the statute and its own policy, to impose a long-term suspension exceeding forty-five school days. That excess is void, and Plaintiffs are entitled to a declaration to that effect and to an injunction vacating the suspension and expunging it from W.C.P.'s record.

## COUNT IV

### Deprivation of Procedural Due Process Under Article I, Section 11 of the Constitution of Virginia

58. Plaintiffs incorporate the preceding paragraphs.

59. Article I, Section 11 of the Constitution of Virginia guarantees that no person shall be deprived of liberty or property without due process of law. The guarantee is self-executing. *Layla H. v. Commonwealth*, 81 Va. App. 116, 131 (2024); *Ibanez v. Albemarle County School Board*, 80 Va. App. 169 (2024). Its protections are at least as strong as the federal guarantee of procedural due process, and a procedural due process claim under this Section proceeds against a school board. *Vlaming v. West Point School Board*, 302 Va. 504, 575 (2023).

60. For the reasons stated in Count I, the Board deprived W.C.P. of liberty and property without the notice and opportunity to respond that due process requires. Plaintiffs are entitled to declaratory and injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Declare that the suspension imposed on W.C.P. and the ninety-school-day Home Educational Services placement are void and unlawful;

B. Enter a permanent injunction directing the Board to vacate the suspension, to expunge from W.C.P.'s student record all references to the suspension and the underlying incident, and to reinstate W.C.P. to in-person instruction at E.C. Glass High School and to full extracurricular participation for the 2026 to 2027 academic year without restriction or condition;

C. Award W.C.P. nominal and compensatory damages under 42 U.S.C. § 1983 in an amount to be proven at trial;

D. Award Plaintiffs their reasonable attorney's fees and costs under 42 U.S.C. § 1988(b); and

E. Grant such other and further relief as this Court deems just.

Respectfully submitted,
SCEAUNCIA PARR and W.C.P.
By: ______________________
Elliott M. Harding, Esq. (VSB 90442)
HARDING COUNSEL, PLLC
2805 Meadow Vista Dr.
Charlottesville, VA 22901
P: 434-962-8465
E: Elliott@HardingCounsel.com
*Counsel for Plaintiffs*

## VERIFICATION

Commonwealth of Virginia, City of Lynchburg, to wit:

Sceauncia Parr, being first duly sworn, states that she is a Plaintiff in the foregoing action, that she has read the Complaint, and that the factual allegations stated therein are true to the best of her knowledge, information, and belief.

Sceauncia Parr

Sceauncia Parr

Subscribed and sworn to before me this 2d day of July, 2026.

Pamela Lynn Burch-Napier

Notary Public

My commission expires: 06/30/2030.

Pamela Lynn Burch-Napier
Commonwealth of Virginia
Notary Public
Commission No. 205405
My Commission Expires 6/30/2030

VALIDATE CASE PAPERS
RCPT : 26000011489
DATE : 07/02/2026 TIME: 13:28
CASE : 680CL26000612-00
ACCT : PARR, SCEAUNCIA
AMT. : $146.00