**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
LYNCHBURG DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
8/5/2026
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
DEPUTY CLERK

SCEAUNCIA PARR, INDIVIDUALLY AND AS NEXT FRIEND OF W.C.P., A MINOR CHILD,

*Plaintiffs*,

v.

LYNCHBURG CITY SCHOOL BOARD,

*Defendant.*

CASE NO. 6:26-cv-00095

JUDGE NORMAN K. MOON

**SCHEDULING ORDER**

Unless modified, the following deadlines will control the disposition of this case.

| | |
|---|---|
| **Submit Rule 26(f) joint discovery plan** | 18 September 2026 |
| **Initial Disclosures under Rule 26(a)(1)** | 2 October 2026 |
| **Join Additional Parties or Amend Pleadings** | 19 October 2026 |
| **Plaintiff's Expert Disclosure under Rule 26(a)(2)** | 4 December 2026 |
| **Defendant's Expert Disclosure under Rule 26(a)(2)** | 23 December 2026 |
| **Mediation or Alternative Dispute Resolution certification** | 28 January 2027 |
| **Completion of discovery** | 19 February 2027 |
| **Dispositive motions and motions to exclude experts** | 29 March 2027 |
| **Motions *in limine*** | 7 June 2027 |
| **Joint Pretrial Status Report (JPSR)** | 14 days before trial |
| **Proposed jury instructions (for jury trials) or findings of fact and conclusions of law (for bench trials)** | 10 days before trial |

# CASE MANAGEMENT ORDER

## 1. Conformity with Rules

Parties must follow the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Western District of Virginia unless modified by this Order or a subsequent order.

This includes, for example, the requirement that Plaintiff(s) serve the Complaint and file proofs of service within 90 days of the Complaint being filed. *See* Fed. R. Civ. P. 4(m). Failure to comply with this deadline may result in the dismissal of Plaintiff(s)' claims.

## 2. Modifying this Order

If the parties wish to modify the deadlines in this Order, they must file a motion and attach a proposed scheduling order within **3 days** of completing the Rule 26(f) conference. Requests for modification should only be made if: (a) the parties have preexisting conflicts with the deadlines set forth in this Order, or (b) the case is unusually complex and requires a different schedule.

The parties may mutually agree to *accelerate* any deadline without court order. For example, if a plaintiff serves the complaint quickly and defendant responds quickly, the parties may wish to accelerate the deadlines for the Rule 26(f) conference and initial disclosures.

However, the parties may not *extend* deadlines by mutual agreement. Once this Order or another superseding scheduling order becomes final, the schedule may be extended only for good cause and with the judge's consent.

## 3. Referrals to U.S. Magistrate Judge

Pursuant to the Court's Standing Order, all non-dispositive motions and issues are referred to the Magistrate Judge. If the parties wish to consent to the Magistrate Judge handling dispositive motions and/or trial, they must file a joint notice of consent, and the matter will be reassigned to the Magistrate Judge as the presiding judicial officer.

## 4. Page Limits

Opening and opposing briefs described in Loc. Civ. R. 11(c) are limited to 25 pages per party unless the party requests and receives prior permission from the Court to exceed that limit. Reply briefs described in L.R. 11(c) are limited to 15 pages unless the party requests and receives prior permission from the Court to exceed this limit.

## 5. Scheduling Trial

At the Rule 26(f) conference, the parties should discuss jointly agreeable trial dates that are at least twenty-one (21) days after the motion *in limine* deadline but no more than sixty (60) days after that deadline. Within **one (1) week** of the Rule 26(f) conference, the parties must contact the

courtroom deputy, Carmen Amos (Carmen_Amos@vawd.uscourts.gov), to schedule trial. If they fail to do so, she may issue notices setting the trial date and the date for the final pretrial conference for times that are convenient for the Court.

**6. Discovery**

A. Discovery motions are disfavored.

B. When a discovery dispute arises, counsel and any unrepresented parties are required to participate in good faith in a meaningful meet-and-confer process before seeking court intervention. The meet-and-confer is expected to be by telephone, video, or in person. If the parties are unable to resolve the dispute during the meet-and-confer, counsel and any unrepresented parties are directed to schedule a discovery status conference with the assigned Magistrate Judge prior to filing a discovery motion.

C. As a rule, the Court does not stay discovery pending resolution of a motion to dismiss. There are limited exceptions, which include: (1) a motion challenging the Court's jurisdiction, or (2) a motion invoking a defense like qualified immunity.

D. Pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii), expert rebuttal reports are due **30 days** after the other party's disclosure.

E. Pursuant to Fed. R. Civ. P. 26(a)(3), the parties must exchange their proposed witness and exhibit lists at least **30 days** before trial.

**7. Summary Judgment Motions**

Every motion for summary judgment must be accompanied by a statement of undisputed facts. The moving party may include the statement of undisputed facts in the motion for summary judgment or may file a separate statement. The statement must:

A. List and separately number all material facts to which the moving party contends there is no genuine issue, and

B. Cite the parts of the record relied upon to support the allegedly undisputed facts.

A response in opposition to a summary judgment motion must include a response to the moving party's statement of undisputed facts. The opposing party's response to the moving party's statement of undisputed facts must either: (1) concede a fact is undisputed, or (2) explain why there is a genuine issue necessary to be litigated and cite the parts of the record relied upon to create the factual dispute. If the opposing party does not controvert that a fact is undisputed, the Court will treat the fact as admitted.

If the parties wish to be heard on a motion for summary judgment or motions to exclude experts, they must contact the courtroom deputy to schedule a hearing that will take place at least **60 days before trial**.

**8. Mediation or ADR**

By the certification deadline set forth above, the parties are required to certify that they: 1) have scheduled a mediation with the assigned Magistrate Judge that will occur at least **120 days** before trial, 2) have otherwise engaged a private mediator or another ADR process that will take place at least **120 days** before trial, or 3) they have met-and-conferred and ADR is not a viable option for resolution in the case. If the parties certify that ADR is not a viable option, they must explain the legal and/or factual issues that render ADR impracticable.

**9. Trial Exhibits**

A. Marking of Exhibits: All exhibits must be marked in advance of trial using consecutive numbers (for the plaintiff) and letters (for the defendant).

B. Submission to Clerk**:** the courtroom deputy will contact the parties with instructions for how to submit exhibits ahead of trial. If the parties have not received these instructions within 10 days of trial, they should contact the courtroom deputy.

C. Foundation Issues: Any notices of intent to contest authentication, foundation or chain-of-custody should be filed at least three (3) days before the final pretrial conference.

D. Objections to Exhibits: The parties may raise objections at the time of trial except objections based on authentication, foundation, or chain-of-custody.

E. Publication of Exhibits During Trial: The parties are encouraged to use electronic projection to publish exhibits during trial, which allows the jury, court, attorneys, and parties to view the exhibit simultaneously. The parties should contact the Court's courtroom deputy ahead of trial to review and inspect the courtroom's technological capabilities.

**10. Joint Pretrial Status Report**

The parties shall jointly file a Joint Pretrial Status Report summarizing the following:

- the essential elements of the claim(s) to be tried and the damages or other relief sought;
- the essential elements of any affirmative defenses to be tried;
- the material facts and theories of liability for each claim or defense;
- contested issues of fact;
- contested issue of law that do not require a ruling before trial;
- any stipulations; and
- any special *voir dire* questions.

**11. Jury Instructions**

The parties must exchange proposed jury instructions at least **21 days** before trial and must meet-and-confer about said instructions at least **14 days** before trial. The parties should strive to agree on as many instructions as possible and therefore should file a set of joint instructions and their respective contested instructions (if any). All proposed instructions (both joint and contested) should be filed on CM/ECF and the parties should also email WORD versions of all instructions to the courtroom deputy.

**12. Use of Generative Artificial Intelligence**

Consistent with Rule 11(b) of the Federal Rules of Civil Procedure, and the certifications required thereunder, any party, whether appearing *pro se* or through counsel, who utilizes any generative artificial intelligence (AI) tool in the preparation of any documents filed with the Court must disclose that AI has been used. If generative AI is used in drafting of any documents filed with the Court, the party must further certify in the filing that it has independently reviewed and verified the accuracy of any portion of the document drafted by generative AI, including all citations, quotations, and legal authority, and that the document complies with the filer's obligations under Rule 11. This rule does not apply to information gathered using AI embedded in legal search engines, such as Westlaw and LexisNexis. This rule does apply, however, to document filed before the entry of this Order.

**13. Settlement**

The parties are jointly responsible for notifying the court immediately if they reach a settlement in principle. Upon notification that a settlement has been reached, the Court will dismiss the case without prejudice and close the matter. If the parties do not ratify their agreement, they may move to reopen the case. If they do ratify their agreement, they are expected to file a joint stipulation of dismissal within 60 days of ratification. The joint stipulation will dismiss the case with prejudice without any further order from the Court.

Entered this 5th day of August, 2026.

Norman K Moon

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE