LYNCHBURG CIRCUIT — Case No.:CL26000612-00

PARR, SCEAUNCIA vs. LYNCHBURG CITY SCHOOL BOARD

TABLE OF CONTENTS


| Document Index | Date Filed | Page |
|---|---|---|
| **Manuscripts:** | | |
| INITIAL FILING - COM: | 07/02/2026 | 1 - 14 |
| LYNCHBURG CITY SCHOOL BOARD - LYNC | 07/09/2026 | 15 - 15 |
| NOTICE | 08/04/2026 | 16 - 18 |
| OTHER | 08/04/2026 | 19 - 33 |
| FINAL ORDER - WD TRANS ORDER 8/5/2026 | 08/10/2026 | 34 - 36 |
| CORRESPONDENCE | 08/10/2026 | 37 - 39 |


I, Kenneth T. Swisher, Clerk of the Lynchburg Circuit, certify that the contents of the record listed in the table of contents constitute the true and complete record, except for exhibits whose omission are noted in the table of contents.

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
8/13/2026
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
DEPUTY CLERK

**VIRGINIA**

**IN THE CIRCUIT COURT FOR THE CITY OF LYNCHBURG**

**SCEAUNCIA PARR,**
**individually and as next friend of W.C.P., a minor;**

**W.C.P., a minor,**

**Plaintiffs,**

**v.** **Case No.** CL26-612

**LYNCHBURG CITY SCHOOL BOARD,**
**Serve:**
**Division Superintendent of Lynchburg City Schools,**
**Chief administrative officer of the Board,**
**915 Court Street, Lynchburg, VA 24504,**

**Defendant.**

---

## COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND DAMAGES

NOW COME the Plaintiffs, Ms. Sceauncia Parr, individually and as next friend of her minor son W.C.P., and W.C.P., by and through counsel, and for their Complaint against the Defendant, Lynchburg City School Board ("the Board"), state as follows.

### NATURE OF THE ACTION

1. Virginia's General Assembly forbids what the Board. By statute effective July 1, 2025, no Virginia school board may suspend a student as a consequence of a cell phone policy violation, and no such violation alone may constitute sufficient cause for any suspension. Va. Code § 22.1-79.3:1(B)(5), (C); Va. Code § 22.1-277(A). The Board charged W.C.P. with a single offense, a cell phone policy violation, and on that single charge suspended him for ninety school days.

2. The ninety-school-day length independently exceeded the Board's authority. A long-term suspension may run beyond forty-five school days only where the offense is a firearm or drug offense, involves serious bodily injury, or the Board finds aggravating circumstances as defined by the Department of Education. Va. Code § 22.1-277.05(C). None of those predicates was present, and the Board made no aggravating-circumstances finding.

3. The Board adjudicated W.C.P. on one charge and then imposed a penalty explicable only by reference to uncharged conduct, the content of his communications, of which he had no notice and no opportunity to defend. That failure of notice deprived W.C.P. of procedural due process.

4. Plaintiffs seek a declaration that the discipline is void and unlawful, an injunction vacating the suspension and expunging W.C.P.'s record, his reinstatement to in-person instruction and full extracurricular participation for the 2026 to 2027 academic year without condition, damages under 42 U.S.C. § 1983, and attorney's fees and costs under 42 U.S.C. § 1988(b).

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction under Va. Code § 17.1-513, which vests the circuit courts with jurisdiction over all civil cases at law and in equity, including proceedings for declaratory judgment and injunctive relief.

6. This Court has authority to enter declaratory relief under the Declaratory Judgment Act, Va. Code §§ 8.01-184 through 8.01-191. Section 8.01-184 empowers the circuit courts, in cases of actual controversy, to make binding adjudications of right in controversies involving the interpretation of statutes and other governmental regulations. An actual, justiciable controversy exists between the parties over the lawfulness and present effect of the discipline imposed on W.C.P. The Court may grant further relief based on its

declaration, including the injunctive relief and expungement sought here, under Va. Code § 8.01-186.

7. This Court has authority to award injunctive relief under Va. Code § 8.01-620, and to award a temporary injunction under Va. Code § 8.01-628.

8. This Court has concurrent jurisdiction over the claim arising under 42 U.S.C. § 1983. State courts of general jurisdiction are competent to adjudicate § 1983 claims and may not refuse to do so. *See, e.g.*, *Howlett v. Rose*, 496 U.S. 356 (1990); *Maine v. Thiboutot*, 448 U.S. 1 (1980). A prevailing plaintiff recovers reasonable attorney's fees under 42 U.S.C. § 1988(b) in this Court as in any court.

9. W.C.P. sues by his next friend under Va. Code § 8.01-8.

10. Venue is proper in this Court. This action seeks an injunction against an act being carried out in the City of Lynchburg, so preferred venue lies here under Va. Code § 8.01-261(15)(c), which fixes venue for a proceeding to enjoin an act in the circuit court of the city in which the act is being done. Venue is independently proper under Va. Code § 8.01-262, because the Defendant's principal office is in the City of Lynchburg and a substantial part of the acts and omissions giving rise to the claims occurred there.

**PARTIES**

11. Plaintiff Sceauncia Parr resides in the City of Lynchburg, Virginia. She is the parent of W.C.P. and sues individually and as his next friend.

12. Plaintiff W.C.P. is a minor, born in 2009, and at all relevant times an eleventh-grade student enrolled at E.C. Glass High School in the Lynchburg City Schools division.

13. Defendant Lynchburg City School Board is a body corporate established under Va. Code § 22.1-71, governing the public schools of the Lynchburg City Schools division. For the

federal claim in Count I, the Board is a "person" subject to suit under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

14. The Board is sued as an entity, and Plaintiffs name no individual officer or member as a Defendant. The challenged discipline was the Board's own final action, for which the Board is directly answerable.

**EXHAUSTION AND FINALITY**

15. The Board's decision is final. By letter dated May 15, 2026, the Division Case Manager advised that the decision is "final and not appealable per policy JGD/JGE." No administrative remedy remained, and the controversy is ripe.

**FACTUAL ALLEGATIONS**

**The incident**

16. On the morning of May 5, 2026, while participating in a private group chat with three students from another school division, W.C.P. received from another participant information about students associated with that school's lacrosse program. The information consisted of rumors that were already circulating among the student body at the other school.

17. Although W.C.P. wrote the information on paper and returned a photograph of the paper to the same private chat, he asked the other participants to keep the matter within the group, he did not share it more widely, and he neither invited nor encouraged anyone else to share it.

18. The photograph reached the wider community through the act of another. A different participant in the chat displayed the photograph to teammates outside the group, and

others then distributed it further, until it came to the attention of parents and, eventually, school officials and the Lynchburg Police Department.

19. W.C.P. was not the source of any claim reflected in the photograph, and no claim has been made, and no evidence has been offered, that anything he repeated was false or that he knew or believed it to be false.

**The charge**

20. On May 6, 2026, Principal Daniel Rule submitted a Behavior Detail Report identifying a single offense, "Possession or use of portable communication devices in violation of school policy," which corresponds to Virginia Department of Education behavior support offense code BSO13. The Report imposed a ten-day short-term suspension running from May 6, 2026 to May 19, 2026.

21. A subsequent amended Behavior Detail Report corrected the narrative to reflect that W.C.P. shared the photograph privately with a group rather than posting it publicly. The amended Report identified the same single offense.

22. On May 7, 2026, Principal Rule issued a Notice of Long-Term Suspension Recommendation. Under the heading "VDOE Offense Code(s) Violated by Student," the Notice listed one entry, BSO13. The Notice recommended that the Board or its hearing officer consider a long-term suspension of up to 364 days and alternative placement.

23. The Board never charged W.C.P. with any offense under the codes of student conduct adopted pursuant to Va. Code § 22.1-279.6. The Board never invoked its harassment policy or any procedure requiring investigation by a designated compliance officer, written notice of the specific conduct alleged, or a written determination on that conduct.

**The hearing and the penalty**

24. On the evening of May 14, 2026, a committee of the Board conducted a disciplinary hearing.

25. By letter dated May 15, 2026, the Board advised that "the school board determined [W.C.P.] will be suspended for 90 days and receive Home Educational Services," that he "is able to return to his base school December 14, 2026," and that the decision is "final and not appealable per policy JGD/JGE."

26. The ninety-day suspension is a long-term suspension that exceeds forty-five school days.

27. The offense charged, BSO13, is not an offense described in Va. Code § 22.1-277.07 or § 22.1-277.08, and the events did not involve serious bodily injury.

28. The Board made no finding that aggravating circumstances exist as defined by the Department of Education. Neither the Behavior Detail Report, the amended Report, the Notice of Long-Term Suspension Recommendation, nor the May 15 decision letter records any such finding.

**The content-charge mismatch**

29. Although the charging vehicle was a content-neutral cell phone offense, the Board's documents describe the content of W.C.P.'s communications in detail and treat that content as the operative basis for the recommended 364-day suspension and the ninety-day decision.

30. W.C.P. received notice that he was charged with a cell phone policy violation. He did not receive notice that the content of his communications, characterized as harassment or as a threat to school safety, would be adjudicated against him or would drive a ninety-school-day exclusion.

31. The Notice of Long-Term Suspension Recommendation and the Behavior Detail Report invoked the safety of an upcoming regular-season lacrosse game as a justification for excluding W.C.P. That regular-season game was canceled by forfeit, and the two teams later played in the post-season without incident.

32. After the May 14 hearing, the Board permitted W.C.P. to enter E.C. Glass High School in person, on school property, to sit final examinations, including four Advanced Placement examinations. The Board's grant of access for examinations cannot be reconciled with a finding that W.C.P. posed a safety concern warranting his continued exclusion from extracurricular activities.

**Harm**

33. The discipline injures W.C.P. specifically and concretely, in ways no member of the general public shares. He has no prior disciplinary record, yet he alone bears the suspension, the exclusion from his school and its activities, and the record entry that this action seeks to undo.

34. The suspension cost W.C.P. participation in the remainder of his eleventh-grade lacrosse season during a period material to collegiate recruitment.

35. W.C.P.'s student record contains a long-term suspension that may be subject to disclosure on college applications inquiring into disciplinary history during his senior year.

36. The Home Educational Services placement is not an adequate substitute for in-person instruction at E.C. Glass High School during the final year of high school.

37. Plaintiffs accepted the academic-continuity arrangement and the final-examination accommodations in good faith and solely to preserve academic progress. That acceptance is not acquiescence in the underlying discipline.

**COUNT I**

**Deprivation of Procedural Due Process Under 42 U.S.C. § 1983 and the Fourteenth Amendment**

**Against the Lynchburg City School Board**

38. Plaintiffs incorporate the preceding paragraphs.

39. W.C.P. holds a property interest in his public education arising from Virginia law and a liberty interest implicated by a disciplinary exclusion that stigmatizes and that may be disclosed to colleges. The Fourteenth Amendment forbids the State from depriving him of those interests without due process of law.

40. Before a suspension or expulsion, due process requires notice of the charges and a meaningful opportunity to respond, and the process due increases with the severity of the deprivation. *Goss v. Lopez*, 419 U.S. 565, 581, 584 (1975); *see Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

41. Notice of the charges means notice of the conduct actually being adjudicated. The Board charged W.C.P. with one offense, a cell phone policy violation, then imposed a ninety-school-day penalty intelligible only by reference to the content of his communications. W.C.P. had no notice that this content would be adjudicated and no opportunity to defend against it.

42. A later showing that a student committed the conduct does not excuse the failure to afford constitutionally adequate process. *Goss v. Lopez*, 419 U.S. 565, 581 (1975); *Doe v. Rockingham Cnty. Sch. Bd.*, 658 F. Supp. 403, 407 (W.D. Va. 1987).

43. The deprivation resulted from the Board's own final decision. The Board is the entity with final policymaking authority over student discipline in the division, and its May 14 vote is an official act for which the Board is directly liable. *Monell*, 436 U.S. at 690-91.

As a public entity, the Board is entitled to neither qualified nor absolute immunity, and its liability does not depend on the good faith of its officials. *Owen*, 445 U.S. at 650.

44. As a direct and proximate result, W.C.P. suffered injury entitling him to relief, including nominal and compensatory damages, and Plaintiffs are entitled to reasonable attorney's fees and costs under 42 U.S.C. § 1988(b).

**COUNT II**

**Ultra Vires Action for Declaratory and Injunctive Relief**

**The Cell Phone Bar, Va. Code § 22.1-79.3:1(B)(5), (C) and § 22.1-277(A)**

45. Plaintiffs incorporate the preceding paragraphs.

46. Every Virginia cell phone policy must "[e]xpressly prohibit any student from being suspended or expelled as a consequence of any violation of such policies." Va. Code § 22.1-79.3:1(B)(5). No such violation "shall alone constitute sufficient cause for a student's suspension or expulsion from attendance at school pursuant to § 22.1-277." Va. Code § 22.1-79.3:1(C). No suspension may rest on "only a violation of any student cell phone and smart device possession and use policy developed and implemented pursuant to § 22.1-79.3:1." Va. Code § 22.1-277(A).

47. Where a cell phone violation coincides with disruptive behavior, the discipline must proceed under the codes of student conduct adopted pursuant to Va. Code § 22.1-279.6, charging the coincident misconduct on its own terms. Va. Code § 22.1-79.3:1(C). The Board did not charge any coincident offense, did not invoke § 22.1-279.6, and afforded none of the procedural protections that a code-of-conduct charge requires.

48. The Board suspended W.C.P. for ninety school days on a single BSO13 charge. That discipline is precisely what § 22.1-79.3:1(B)(5) and (C) and § 22.1-277(A) forbid. The Board cannot escape the prohibition by relying on the content of W.C.P.'s

communications, because the cell phone offense is content-neutral and § 22.1-79.3:1(C) routes any content-based discipline to a separate charge under § 22.1-279.6 that the Board never brought. The Board occupied the one position the statute forecloses, charging the cell phone offense while punishing the speech.

49. The Board also departed from its own cell phone policy. Lynchburg City Schools Policy JFCM, adopted November 11, 2025 pursuant to Va. Code § 22.1-79.3:1, provides that "No student will be suspended or expelled solely for a violation of this policy," and its published secondary-school discipline rubric prescribes, for a first cell phone offense, a verbal warning, confiscation of the device, and a call to the parent. The rubric escalates to in-school suspension only at later offenses, and it refers a student to the Discipline Committee only at a tenth offense. A ninety-school-day out-of-school suspension and alternative placement appear nowhere in the rubric for any number of offenses, and W.C.P. had no prior offense.

50. An action taken wholly outside the authority the General Assembly conferred is void, not merely voidable. *Commonwealth v. County Board of Arlington County*, 217 Va. 558, 581, 232 S.E.2d 30, 45 (1977). A school board that acts where a statute denies it authority produces an act that is void from inception. *Butler v. Fairfax County School Board*, 291 Va. 32, 40, 780 S.E.2d 277, 282 (2015); *School Board of Amherst County v. Burley*, 225 Va. 376, 379, 302 S.E.2d 53, 55 (1983). Section 22.1-79.3:1(B)(5) does not limit how the Board exercises a disciplinary power it holds; it withdraws the power to suspend for a cell phone violation. A suspension imposed without that power is void from inception, in the manner of a judgment entered without subject-matter jurisdiction, and remains open

to direct attack and expungement notwithstanding the lapse of the review period in Va. Code § 22.1-87, which governs the review of actions taken within a board's authority.

51. An actual controversy exists. The suspension remains in effect, W.C.P.'s record continues to bear it, and his placement and access for the 2026 to 2027 academic year remain in dispute. Plaintiffs are entitled to a declaration that the discipline is void and to an injunction vacating it and expunging it from W.C.P.'s record.

**COUNT III**

**Ultra Vires Action for Declaratory and Injunctive Relief**

**The Forty-Five-School-Day Cap, Va. Code § 22.1-277.05(C)**

52. Plaintiffs incorporate the preceding paragraphs.

53. A "long-term suspension" is a disciplinary action excluding a student for eleven to forty-five school days. Va. Code § 22.1-276.01.

54. A long-term suspension may extend beyond forty-five school days, and up to 364 calendar days, only if the offense is one described in Va. Code § 22.1-277.07 or § 22.1-277.08, or involves serious bodily injury, or the Board or the superintendent's designee finds that aggravating circumstances exist as defined by the Department of Education. Va. Code § 22.1-277.05(C). The statute enumerates exactly three predicates for exceeding the forty-five-school-day cap, and the enumeration of those three excludes any other basis for a longer suspension.

55. The Board suspended W.C.P. for ninety school days, twice the forty-five-school-day cap.

56. The offense charged was BSO13. It is neither a § 22.1-277.07 firearm offense nor a § 22.1-277.08 drug offense, and the events involved no serious bodily injury. The Board made no finding that aggravating circumstances exist, and it measured W.C.P.'s conduct against no definition of aggravating circumstances supplied by the Department of

Education, as § 22.1-277.05(C) requires. The statute directs that any such definition "shall include a consideration of a student's disciplinary history," Va. Code § 22.1-277.05(C), and W.C.P. has no prior disciplinary record. None of the three statutory predicates is present.

57. The Board's own policy imposes the same limits. Lynchburg City Schools Policy JGD/JGE defines a long-term suspension as eleven to forty-five school days and permits a longer suspension only on a finding of aggravating circumstances, tracking § 22.1-277.05(C). The Board therefore lacked authority, under both the statute and its own policy, to impose a long-term suspension exceeding forty-five school days. That excess is void, and Plaintiffs are entitled to a declaration to that effect and to an injunction vacating the suspension and expunging it from W.C.P.'s record.

**COUNT IV**

**Deprivation of Procedural Due Process Under Article I, Section 11 of the Constitution of Virginia**

58. Plaintiffs incorporate the preceding paragraphs.

59. Article I, Section 11 of the Constitution of Virginia guarantees that no person shall be deprived of liberty or property without due process of law. The guarantee is self-executing. *Layla H. v. Commonwealth*, 81 Va. App. 116, 131 (2024); *Ibanez v. Albemarle County School Board*, 80 Va. App. 169 (2024). Its protections are at least as strong as the federal guarantee of procedural due process, and a procedural due process claim under this Section proceeds against a school board. *Vlaming v. West Point School Board*, 302 Va. 504, 575 (2023).

60. For the reasons stated in Count I, the Board deprived W.C.P. of liberty and property without the notice and opportunity to respond that due process requires. Plaintiffs are entitled to declaratory and injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Declare that the suspension imposed on W.C.P. and the ninety-school-day Home Educational Services placement are void and unlawful;

B. Enter a permanent injunction directing the Board to vacate the suspension, to expunge from W.C.P.'s student record all references to the suspension and the underlying incident, and to reinstate W.C.P. to in-person instruction at E.C. Glass High School and to full extracurricular participation for the 2026 to 2027 academic year without restriction or condition;

C. Award W.C.P. nominal and compensatory damages under 42 U.S.C. § 1983 in an amount to be proven at trial;

D. Award Plaintiffs their reasonable attorney's fees and costs under 42 U.S.C. § 1988(b); and

E. Grant such other and further relief as this Court deems just.

Respectfully submitted,
SCEAUNCIA PARR and W.C.P.
By: ______________________________
Elliott M. Harding, Esq. (VSB 90442)
HARDING COUNSEL, PLLC
2805 Meadow Vista Dr.
Charlottesville, VA 22901
P: 434-962-8465
E: Elliott@HardingCounsel.com
*Counsel for Plaintiffs*

## VERIFICATION

Commonwealth of Virginia, City of Lynchburg, to wit:

Sceauncia Parr, being first duly sworn, states that she is a Plaintiff in the foregoing action, that she has read the Complaint, and that the factual allegations stated therein are true to the best of her knowledge, information, and belief.

Sceauncia Parr

Sceauncia Parr

Subscribed and sworn to before me this 2d day of July, 2026.

Pamela Lynn Burch-Napier

Notary Public

My commission expires: 06/30/2030.

Pamela Lynn Burch-Napier
Commonwealth of Virginia
Notary Public
Commission No. 205405
My Commission Expires 6/30/2030

VALIDATE CASE PAPERS
RCPT : 26000011489
DATE : 07/02/2026 TIME: 13:28
CASE : 680CL26000612-00
ACCT : PARR, SCEAUNCIA
AMT. : $146.00

# COMMONWEALTH OF VIRGINIA

RECEIVED
JUL 10 2026
Lynchburg Sheriff's Office

697980

LYNCHBURG CIRCUIT COURT
Civil Division
900 COURT STREET P. O. BOX 4
LYNCHBURG VA 24505
(434) 455-2620

## Proof of Service

Virginia:
In the LYNCHBURG CIRCUIT COURT

Case number: 680CL26000612-00
Service number: 001
Service filed: July 02, 2026
Judge:

Served by: LYNCHBURG CITY
Style of case: SCEAUNCIA PARR vs LYNCHBURG CITY SCHOOL BOARD

Service on: LYNCHBURG CITY SCHOOL BOARD
DIVISION SUPERINTENDENT OF
LYNCHBURG CITY SCHOOLS
CHIEF ADMR OFFICER OF BOARD
915 COURT STREET
LYNCHBURG VA 24504 WK

Attorney: HARDING, ELLIOTT M
2805 MEADOW VISTA DRIVE
CHARLOTTESVILLE VA 22901

Instructions:

Returns shall be made hereon, showing service of Summons issued Thursday, July 09, 2026 with a copy of the Complaint filed Thursday, July 02, 2026 attached.

Hearing date :
Service issued: Thursday, July 09, 2026

---

For Sheriff Use Only

Jill Connelly-Mays / Admin

Executed in the City of Lynchburg, Va. on the 14th day of July 2026 by delivering a true copy of the Summons to Jill Connelly-Mays of the LCS Admin in person.

[redacted]

By JSS Deputy Sheriff

FILED IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
JUL 15 2026 TIME 8:35 M.
TESTE: K. TODD SWISHER, CLERK
BY: J. Harris Clerk

**VIRGINIA**

**IN THE CIRCUIT COURT FOR THE CITY OF LYNCHBURG**

| | | |
|---|---|---|
| **SCEAUNCIA PARR, individually and as Next friend of W.C.P., a minor; and** | ) | |
| **W.C.P., a minor,** | ) | |
| **Plaintiffs,** | ) | **Case No. CL26000612-00** |
| v. | ) | |
| **LYNCHBURG CITY SCHOOL BOARD** | ) | |
| **Defendant.** | ) | |

**NOTICE OF FILING NOTICE OF REMOVAL**

Defendant Lynchburg City School Board ("LCSB"), by counsel, in accordance with 28 U.S.C. §§ 1331, 1367, 1441, and 1446, has filed a Notice of Removal today in the United States District Court for the Western District of Virginia, Lynchburg Division to remove the above-captioned action from the Circuit Court for the City of Lynchburg, Virginia to the United States District Court for the Western District of Virginia, Lynchburg Division. A copy of the Notice of Removal is attached as Exhibit A.

Dated: August 4, 2026

Respectfully submitted,

By: ______________________________

Robert A. DeRise (VSB No. 78431)
WOODS ROGERS VANDEVENTER
BLACK, PLC
828 Main Street, 19th Floor
Lynchburg, Virginia 24504
Phone: (434) 846-9000
Fax: (434) 846-0337
robert.derise@woodsrogers.com

Jamie H. Wood (VSB No. 97297)
WOODS ROGERS VANDEVENTER
BLACK, PLC
10 South Jefferson Street, Suite 1800
Roanoke, Virginia 24011
Telephone: (540) 983-7785
Facsimile: (540) 427-7479
jamie.wood@woodsrogers.com

*Counsel for Defendant Lynchburg City School Board*

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2026, I filed the foregoing with the Clerk of the Court and mailed a copy to the Plaintiffs' counsel at the below address:

Elliott M. Harding (VSB No. 90442)
HARDING COUNSEL, PLLC
2805 Meadow Vista Dr.
Charlottesville, Virginia 22901
Phone: (434) 962-8465
elliott@hardingcounsel.com

FILED IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
AUG 04 2026 TIME 4:22 P.M.
TESTE: TODD SWISHER, CLERK
BY: ____ Dep. Clerk

# COMMONWEALTH OF VIRGINIA

LYNCHBURG CIRCUIT COURT
Civil Division
900 COURT STREET P. O. BOX 4
LYNCHBURG VA 24505
(434) 455-2620

Summons

To: LYNCHBURG CITY SCHOOL BOARD
DIVISION SUPERINTENDENT OF
LYNCHBURG CITY SCHOOLS
CHIEF ADMR OFFICER OF BOARD
915 COURT STREET
LYNCHBURG VA 24504

Case No. 680CL26000612-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Thursday, July 09, 2026

Clerk of Court: TODD SWISHER

by [signature] ~~(CLERK/~~DEPUTY CLERK )

Instructions:

Hearing Official:

Attorney's name: HARDING, ELLIOTT M
2805 MEADOW VISTA DRIVE
CHARLOTTESVILLE VA 22901

FILED IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
AUG 04 2026 TIME 4:22p M.
TESTE: TODD SWISHER, CLERK
BY: [signature] Dep. Clerk

**VIRGINIA**

**IN THE CIRCUIT COURT FOR THE CITY OF LYNCHBURG**

**SCEAUNCIA PARR,**
**individually and as next friend of W.C.P., a minor;**

**W.C.P., a minor,**

**Plaintiffs,**

**v.** Case No. CL26-612.

**LYNCHBURG CITY SCHOOL BOARD,**
**Serve:**
**Division Superintendent of Lynchburg City Schools,**
**Chief administrative officer of the Board,**
**915 Court Street, Lynchburg, VA 24504,**

**Defendant.**

---

## COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND DAMAGES

NOW COME the Plaintiffs, Ms. Sceauncia Parr, individually and as next friend of her minor son W.C.P., and W.C.P., by and through counsel, and for their Complaint against the Defendant, Lynchburg City School Board ("the Board"), state as follows.

### NATURE OF THE ACTION

1. Virginia's General Assembly forbids what the Board. By statute effective July 1, 2025, no Virginia school board may suspend a student as a consequence of a cell phone policy violation, and no such violation alone may constitute sufficient cause for any suspension. Va. Code § 22.1-79.3:1(B)(5), (C); Va. Code § 22.1-277(A). The Board charged W.C.P. with a single offense, a cell phone policy violation, and on that single charge suspended him for ninety school days.

2. The ninety-school-day length independently exceeded the Board's authority. A long-term suspension may run beyond forty-five school days only where the offense is a firearm or drug offense, involves serious bodily injury, or the Board finds aggravating circumstances as defined by the Department of Education. Va. Code § 22.1-277.05(C). None of those predicates was present, and the Board made no aggravating-circumstances finding.

3. The Board adjudicated W.C.P. on one charge and then imposed a penalty explicable only by reference to uncharged conduct, the content of his communications, of which he had no notice and no opportunity to defend. That failure of notice deprived W.C.P. of procedural due process.

4. Plaintiffs seek a declaration that the discipline is void and unlawful, an injunction vacating the suspension and expunging W.C.P.'s record, his reinstatement to in-person instruction and full extracurricular participation for the 2026 to 2027 academic year without condition, damages under 42 U.S.C. § 1983, and attorney's fees and costs under 42 U.S.C. § 1988(b).

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction under Va. Code § 17.1-513, which vests the circuit courts with jurisdiction over all civil cases at law and in equity, including proceedings for declaratory judgment and injunctive relief.

6. This Court has authority to enter declaratory relief under the Declaratory Judgment Act, Va. Code §§ 8.01-184 through 8.01-191. Section 8.01-184 empowers the circuit courts, in cases of actual controversy, to make binding adjudications of right in controversies involving the interpretation of statutes and other governmental regulations. An actual, justiciable controversy exists between the parties over the lawfulness and present effect of the discipline imposed on W.C.P. The Court may grant further relief based on its

declaration, including the injunctive relief and expungement sought here, under Va. Code § 8.01-186.

7. This Court has authority to award injunctive relief under Va. Code § 8.01-620, and to award a temporary injunction under Va. Code § 8.01-628.

8. This Court has concurrent jurisdiction over the claim arising under 42 U.S.C. § 1983. State courts of general jurisdiction are competent to adjudicate § 1983 claims and may not refuse to do so. *See, e.g.*, *Howlett v. Rose*, 496 U.S. 356 (1990); *Maine v. Thiboutot*, 448 U.S. 1 (1980). A prevailing plaintiff recovers reasonable attorney's fees under 42 U.S.C. § 1988(b) in this Court as in any court.

9. W.C.P. sues by his next friend under Va. Code § 8.01-8.

10. Venue is proper in this Court. This action seeks an injunction against an act being carried out in the City of Lynchburg, so preferred venue lies here under Va. Code § 8.01-261(15)(c), which fixes venue for a proceeding to enjoin an act in the circuit court of the city in which the act is being done. Venue is independently proper under Va. Code § 8.01-262, because the Defendant's principal office is in the City of Lynchburg and a substantial part of the acts and omissions giving rise to the claims occurred there.

**PARTIES**

11. Plaintiff Sceauncia Parr resides in the City of Lynchburg, Virginia. She is the parent of W.C.P. and sues individually and as his next friend.

12. Plaintiff W.C.P. is a minor, born in 2009, and at all relevant times an eleventh-grade student enrolled at E.C. Glass High School in the Lynchburg City Schools division.

13. Defendant Lynchburg City School Board is a body corporate established under Va. Code § 22.1-71, governing the public schools of the Lynchburg City Schools division. For the

federal claim in Count I, the Board is a "person" subject to suit under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

14. The Board is sued as an entity, and Plaintiffs name no individual officer or member as a Defendant. The challenged discipline was the Board's own final action, for which the Board is directly answerable.

## EXHAUSTION AND FINALITY

15. The Board's decision is final. By letter dated May 15, 2026, the Division Case Manager advised that the decision is "final and not appealable per policy JGD/JGE." No administrative remedy remained, and the controversy is ripe.

## FACTUAL ALLEGATIONS

**The incident**

16. On the morning of May 5, 2026, while participating in a private group chat with three students from another school division, W.C.P. received from another participant information about students associated with that school's lacrosse program. The information consisted of rumors that were already circulating among the student body at the other school.

17. Although W.C.P. wrote the information on paper and returned a photograph of the paper to the same private chat, he asked the other participants to keep the matter within the group, he did not share it more widely, and he neither invited nor encouraged anyone else to share it.

18. The photograph reached the wider community through the act of another. A different participant in the chat displayed the photograph to teammates outside the group, and

others then distributed it further, until it came to the attention of parents and, eventually, school officials and the Lynchburg Police Department.

19. W.C.P. was not the source of any claim reflected in the photograph, and no claim has been made, and no evidence has been offered, that anything he repeated was false or that he knew or believed it to be false.

**The charge**

20. On May 6, 2026, Principal Daniel Rule submitted a Behavior Detail Report identifying a single offense, "Possession or use of portable communication devices in violation of school policy," which corresponds to Virginia Department of Education behavior support offense code BSO13. The Report imposed a ten-day short-term suspension running from May 6, 2026 to May 19, 2026.

21. A subsequent amended Behavior Detail Report corrected the narrative to reflect that W.C.P. shared the photograph privately with a group rather than posting it publicly. The amended Report identified the same single offense.

22. On May 7, 2026, Principal Rule issued a Notice of Long-Term Suspension Recommendation. Under the heading "VDOE Offense Code(s) Violated by Student," the Notice listed one entry, BSO13. The Notice recommended that the Board or its hearing officer consider a long-term suspension of up to 364 days and alternative placement.

23. The Board never charged W.C.P. with any offense under the codes of student conduct adopted pursuant to Va. Code § 22.1-279.6. The Board never invoked its harassment policy or any procedure requiring investigation by a designated compliance officer, written notice of the specific conduct alleged, or a written determination on that conduct.

**The hearing and the penalty**

24. On the evening of May 14, 2026, a committee of the Board conducted a disciplinary hearing.

25. By letter dated May 15, 2026, the Board advised that "the school board determined [W.C.P.] will be suspended for 90 days and receive Home Educational Services," that he "is able to return to his base school December 14, 2026," and that the decision is "final and not appealable per policy JGD/JGE."

26. The ninety-day suspension is a long-term suspension that exceeds forty-five school days.

27. The offense charged, BSO13, is not an offense described in Va. Code § 22.1-277.07 or § 22.1-277.08, and the events did not involve serious bodily injury.

28. The Board made no finding that aggravating circumstances exist as defined by the Department of Education. Neither the Behavior Detail Report, the amended Report, the Notice of Long-Term Suspension Recommendation, nor the May 15 decision letter records any such finding.

**The content-charge mismatch**

29. Although the charging vehicle was a content-neutral cell phone offense, the Board's documents describe the content of W.C.P.'s communications in detail and treat that content as the operative basis for the recommended 364-day suspension and the ninety-day decision.

30. W.C.P. received notice that he was charged with a cell phone policy violation. He did not receive notice that the content of his communications, characterized as harassment or as a threat to school safety, would be adjudicated against him or would drive a ninety-school-day exclusion.

31. The Notice of Long-Term Suspension Recommendation and the Behavior Detail Report invoked the safety of an upcoming regular-season lacrosse game as a justification for excluding W.C.P. That regular-season game was canceled by forfeit, and the two teams later played in the post-season without incident.

32. After the May 14 hearing, the Board permitted W.C.P. to enter E.C. Glass High School in person, on school property, to sit final examinations, including four Advanced Placement examinations. The Board's grant of access for examinations cannot be reconciled with a finding that W.C.P. posed a safety concern warranting his continued exclusion from extracurricular activities.

**Harm**

33. The discipline injures W.C.P. specifically and concretely, in ways no member of the general public shares. He has no prior disciplinary record, yet he alone bears the suspension, the exclusion from his school and its activities, and the record entry that this action seeks to undo.

34. The suspension cost W.C.P. participation in the remainder of his eleventh-grade lacrosse season during a period material to collegiate recruitment.

35. W.C.P.'s student record contains a long-term suspension that may be subject to disclosure on college applications inquiring into disciplinary history during his senior year.

36. The Home Educational Services placement is not an adequate substitute for in-person instruction at E.C. Glass High School during the final year of high school.

37. Plaintiffs accepted the academic-continuity arrangement and the final-examination accommodations in good faith and solely to preserve academic progress. That acceptance is not acquiescence in the underlying discipline.

## COUNT I

### Deprivation of Procedural Due Process Under 42 U.S.C. § 1983 and the Fourteenth Amendment

### Against the Lynchburg City School Board

38. Plaintiffs incorporate the preceding paragraphs.

39. W.C.P. holds a property interest in his public education arising from Virginia law and a liberty interest implicated by a disciplinary exclusion that stigmatizes and that may be disclosed to colleges. The Fourteenth Amendment forbids the State from depriving him of those interests without due process of law.

40. Before a suspension or expulsion, due process requires notice of the charges and a meaningful opportunity to respond, and the process due increases with the severity of the deprivation. *Goss v. Lopez*, 419 U.S. 565, 581, 584 (1975); *see Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

41. Notice of the charges means notice of the conduct actually being adjudicated. The Board charged W.C.P. with one offense, a cell phone policy violation, then imposed a ninety-school-day penalty intelligible only by reference to the content of his communications. W.C.P. had no notice that this content would be adjudicated and no opportunity to defend against it.

42. A later showing that a student committed the conduct does not excuse the failure to afford constitutionally adequate process. *Goss v. Lopez*, 419 U.S. 565, 581 (1975); *Doe v. Rockingham Cnty. Sch. Bd.*, 658 F. Supp. 403, 407 (W.D. Va. 1987).

43. The deprivation resulted from the Board's own final decision. The Board is the entity with final policymaking authority over student discipline in the division, and its May 14 vote is an official act for which the Board is directly liable. *Monell*, 436 U.S. at 690-91.

As a public entity, the Board is entitled to neither qualified nor absolute immunity, and its liability does not depend on the good faith of its officials. *Owen*, 445 U.S. at 650.

44. As a direct and proximate result, W.C.P. suffered injury entitling him to relief, including nominal and compensatory damages, and Plaintiffs are entitled to reasonable attorney's fees and costs under 42 U.S.C. § 1988(b).

**COUNT II**

**Ultra Vires Action for Declaratory and Injunctive Relief**

**The Cell Phone Bar, Va. Code § 22.1-79.3:1(B)(5), (C) and § 22.1-277(A)**

45. Plaintiffs incorporate the preceding paragraphs.

46. Every Virginia cell phone policy must "[e]xpressly prohibit any student from being suspended or expelled as a consequence of any violation of such policies." Va. Code § 22.1-79.3:1(B)(5). No such violation "shall alone constitute sufficient cause for a student's suspension or expulsion from attendance at school pursuant to § 22.1-277." Va. Code § 22.1-79.3:1(C). No suspension may rest on "only a violation of any student cell phone and smart device possession and use policy developed and implemented pursuant to § 22.1-79.3:1." Va. Code § 22.1-277(A).

47. Where a cell phone violation coincides with disruptive behavior, the discipline must proceed under the codes of student conduct adopted pursuant to Va. Code § 22.1-279.6, charging the coincident misconduct on its own terms. Va. Code § 22.1-79.3:1(C). The Board did not charge any coincident offense, did not invoke § 22.1-279.6, and afforded none of the procedural protections that a code-of-conduct charge requires.

48. The Board suspended W.C.P. for ninety school days on a single BSO13 charge. That discipline is precisely what § 22.1-79.3:1(B)(5) and (C) and § 22.1-277(A) forbid. The Board cannot escape the prohibition by relying on the content of W.C.P.'s

communications, because the cell phone offense is content-neutral and § 22.1-79.3:1(C) routes any content-based discipline to a separate charge under § 22.1-279.6 that the Board never brought. The Board occupied the one position the statute forecloses, charging the cell phone offense while punishing the speech.

49. The Board also departed from its own cell phone policy. Lynchburg City Schools Policy JFCM, adopted November 11, 2025 pursuant to Va. Code § 22.1-79.3:1, provides that "No student will be suspended or expelled solely for a violation of this policy," and its published secondary-school discipline rubric prescribes, for a first cell phone offense, a verbal warning, confiscation of the device, and a call to the parent. The rubric escalates to in-school suspension only at later offenses, and it refers a student to the Discipline Committee only at a tenth offense. A ninety-school-day out-of-school suspension and alternative placement appear nowhere in the rubric for any number of offenses, and W.C.P. had no prior offense.

50. An action taken wholly outside the authority the General Assembly conferred is void, not merely voidable. *Commonwealth v. County Board of Arlington County*, 217 Va. 558, 581, 232 S.E.2d 30, 45 (1977). A school board that acts where a statute denies it authority produces an act that is void from inception. *Butler v. Fairfax County School Board*, 291 Va. 32, 40, 780 S.E.2d 277, 282 (2015); *School Board of Amherst County v. Burley*, 225 Va. 376, 379, 302 S.E.2d 53, 55 (1983). Section 22.1-79.3:1(B)(5) does not limit how the Board exercises a disciplinary power it holds; it withdraws the power to suspend for a cell phone violation. A suspension imposed without that power is void from inception, in the manner of a judgment entered without subject-matter jurisdiction, and remains open

to direct attack and expungement notwithstanding the lapse of the review period in Va. Code § 22.1-87, which governs the review of actions taken within a board's authority.

51. An actual controversy exists. The suspension remains in effect, W.C.P.'s record continues to bear it, and his placement and access for the 2026 to 2027 academic year remain in dispute. Plaintiffs are entitled to a declaration that the discipline is void and to an injunction vacating it and expunging it from W.C.P.'s record.

**COUNT III**

**Ultra Vires Action for Declaratory and Injunctive Relief**

**The Forty-Five-School-Day Cap, Va. Code § 22.1-277.05(C)**

52. Plaintiffs incorporate the preceding paragraphs.

53. A "long-term suspension" is a disciplinary action excluding a student for eleven to forty-five school days. Va. Code § 22.1-276.01.

54. A long-term suspension may extend beyond forty-five school days, and up to 364 calendar days, only if the offense is one described in Va. Code § 22.1-277.07 or § 22.1-277.08, or involves serious bodily injury, or the Board or the superintendent's designee finds that aggravating circumstances exist as defined by the Department of Education. Va. Code § 22.1-277.05(C). The statute enumerates exactly three predicates for exceeding the forty-five-school-day cap, and the enumeration of those three excludes any other basis for a longer suspension.

55. The Board suspended W.C.P. for ninety school days, twice the forty-five-school-day cap.

56. The offense charged was BSO13. It is neither a § 22.1-277.07 firearm offense nor a § 22.1-277.08 drug offense, and the events involved no serious bodily injury. The Board made no finding that aggravating circumstances exist, and it measured W.C.P.'s conduct against no definition of aggravating circumstances supplied by the Department of

Education, as § 22.1-277.05(C) requires. The statute directs that any such definition "shall include a consideration of a student's disciplinary history," Va. Code § 22.1-277.05(C), and W.C.P. has no prior disciplinary record. None of the three statutory predicates is present.

57. The Board's own policy imposes the same limits. Lynchburg City Schools Policy JGD/JGE defines a long-term suspension as eleven to forty-five school days and permits a longer suspension only on a finding of aggravating circumstances, tracking § 22.1-277.05(C). The Board therefore lacked authority, under both the statute and its own policy, to impose a long-term suspension exceeding forty-five school days. That excess is void, and Plaintiffs are entitled to a declaration to that effect and to an injunction vacating the suspension and expunging it from W.C.P.'s record.

## COUNT IV

## Deprivation of Procedural Due Process Under Article I, Section 11 of the Constitution of Virginia

58. Plaintiffs incorporate the preceding paragraphs.

59. Article I, Section 11 of the Constitution of Virginia guarantees that no person shall be deprived of liberty or property without due process of law. The guarantee is self-executing. *Layla H. v. Commonwealth*, 81 Va. App. 116, 131 (2024); *Ibanez v. Albemarle County School Board*, 80 Va. App. 169 (2024). Its protections are at least as strong as the federal guarantee of procedural due process, and a procedural due process claim under this Section proceeds against a school board. *Vlaming v. West Point School Board*, 302 Va. 504, 575 (2023).

60. For the reasons stated in Count I, the Board deprived W.C.P. of liberty and property without the notice and opportunity to respond that due process requires. Plaintiffs are entitled to declaratory and injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Declare that the suspension imposed on W.C.P. and the ninety-school-day Home Educational Services placement are void and unlawful;

B. Enter a permanent injunction directing the Board to vacate the suspension, to expunge from W.C.P.'s student record all references to the suspension and the underlying incident, and to reinstate W.C.P. to in-person instruction at E.C. Glass High School and to full extracurricular participation for the 2026 to 2027 academic year without restriction or condition;

C. Award W.C.P. nominal and compensatory damages under 42 U.S.C. § 1983 in an amount to be proven at trial;

D. Award Plaintiffs their reasonable attorney's fees and costs under 42 U.S.C. § 1988(b); and

E. Grant such other and further relief as this Court deems just.

Respectfully submitted,
SCEAUNCIA PARR and W.C.P.
By: ______________________________

Elliott M. Harding, Esq. (VSB 90442)
HARDING COUNSEL, PLLC
2805 Meadow Vista Dr.
Charlottesville, VA 22901
P: 434-962-8465
E: Elliott@HardingCounsel.com
*Counsel for Plaintiffs*

## VERIFICATION

Commonwealth of Virginia, City of Lynchburg, to wit:

Sceauncia Parr, being first duly sworn, states that she is a Plaintiff in the foregoing action, that she has read the Complaint, and that the factual allegations stated therein are true to the best of her knowledge, information, and belief.

Sceauncia Parr

Sceauncia Parr

Subscribed and sworn to before me this 2d day of July, 2026.

Pamela Lynn Burch-Napier

Notary Public

My commission expires: 06/30/2030.

Pamela Lynn Burch-Napier
Commonwealth of Virginia
Notary Public
Commission No. 205405
My Commission Expires 6/30/2030

VALIDATE CASE PAPERS
RCPT : 26000011489
DATE : 07/02/2026 TIME: 13:28
CASE : 680CL26000612-00
ACCT : PARR, SCEAUNCIA
AMT. : $146.00

FILED IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF THE CITY OF LYNCHBURG

AUG 04 2026 TIME 4:22 P M.

TESTE: TODD SWISHER, CLERK

BY: [signature] Dep. Clerk

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
8/5/2026
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| Sceauncia Parr, et al., | ) | |
| | ) | |
| Plaintiff(s), | ) | Case No. 6:26cv00095 |
| | ) | State Court No. CL26000612-00 |
| v. | ) | |
| | ) | **ORDER** |
| Lynchburg City School Board, | ) | |
| | ) | |
| Defendant(s). | ) | |

This case was recently removed from the Circuit Court for City of Lynchburg to the United States District Court for the Western District of Virginia at Lynchburg. This court, finding it necessary and proper to do so, hereby REQUESTS that the original case file in your Court be forwarded to the Clerk of this court at 1101 Court Street, Suite A66, Lynchburg, VA 24504, or submitted through this court's Case Management and Electronic Case Filing system (CM/ECF).

The Clerk is directed to send a copy of this Order to the Clerk of the Circuit Court for City of Lynchburg.

ENTERED: August 5, 2026

[signature]
United States District Judge

FILED IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
AUG 10 2026 TIME 12:11p M.
TESTE: K. TODD SWISHER, CLERK
BY: J. Harris Clerk

MIME-Version:1.0 From:ecfnoticing@vawd.uscourts.gov To:vawd_ecf_nef@vawd.uscourts.gov Bcc: Message-Id:<4959408@vawd.uscourts.gov>Subject:Activity in Case 6:26-cv-00095-NKM-CKM Parr et al v. Lynchburg City School Board Order Requesting State Court Record Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**Western District of Virginia**

**Notice of Electronic Filing**
The following transaction was entered on 8/5/2026 at 4:18 PM EDT and filed on 8/5/2026

| | |
|---|---|
| **Case Name:** | Parr et al v. Lynchburg City School Board |
| **Case Number:** | 6:26-cv-00095-NKM-CKM |
| **Filer:** | |
| **Document Number:** | 4 |

**Docket Text:**
**Order Requesting Transmittal of Case File from City of Lynchburg Circuit Court re [1] Notice of Removal, filed by Lynchburg City School Board. Signed by Senior Judge Norman K. Moon on 8/5/2026. (al)**

**6:26-cv-00095-NKM-CKM Notice has been electronically mailed to:**
Robert Adam DeRise robert.derise@woodsrogers.com
Elliott Michael Harding elliott@hardingcounsel.com
Jamie Hill Wood jamie.wood@woodsrogers.com
**6:26-cv-00095-NKM-CKM Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1052918722 [Date=8/5/2026] [FileNumber=4959406-0] [13274f411cf891a54b2c7b01b07cb83cf732bc5d573b2fa99b12928be2161836d56d f2aca6fcb469bddb8e15f2f75a879460691d698d35d8cec78a38a9741341]]

Hon. Kenneth T. Swisher, Clerk
Lynchburg Circuit Court
P.O. Box 4
Lynchburg, VA 24505-0004

**COVER SHEET FOR FILING CIVIL ACTIONS** Case No. ........................ (CLERK'S OFFICE USE ONLY)

COMMONWEALTH OF VIRGINIA

Lynchburg City ........................ Circuit Court

Sceuncia Parr + WCP (minor) v./In re: Lynchburg City School Bd.

PLAINTIFF(S) DEFENDANT(S)

I, the undersigned [ ] plaintiff [ ] defendant [ ] attorney for [ ] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

**GENERAL CIVIL**

**Subsequent Actions**
- [ ] Claim Impleading Third Party Defendant
  - [ ] Monetary Damages
  - [ ] No Monetary Damages
- [ ] Counterclaim
  - [ ] Monetary Damages
  - [ ] No Monetary Damages
- [ ] Cross Claim
- [ ] Interpleader
- [ ] Reinstatement (other than divorce or driving privileges)
- [ ] Removal of Case to Federal Court

**Business & Contract**
- [ ] Attachment
- [ ] Confessed Judgment
- [ ] Contract Action
- [ ] Contract Specific Performance
- [ ] Detinue
- [ ] Garnishment

**Property**
- [ ] Annexation
- [ ] Condemnation
- [ ] Ejectment
- [ ] Encumber/Sell Real Estate
- [ ] Enforce Vendor's Lien
- [ ] Escheatment
- [ ] Establish Boundaries
- [ ] Landlord/Tenant
  - [ ] Unlawful Detainer
- [ ] Mechanics Lien
- [ ] Partition
- [ ] Quiet Title
- [ ] Termination of Mineral Rights

**Tort**
- [ ] Asbestos Litigation
- [ ] Compromise Settlement
- [ ] Intentional Tort
- [ ] Medical Malpractice
- [ ] Motor Vehicle Tort
- [ ] Product Liability
- [ ] Wrongful Death
- [ ] Other General Tort Liability

**ADMINISTRATIVE LAW**
- [ ] Appeal/Judicial Review of Decision of (select one)
  - [ ] ABC Board
  - [ ] Board of Zoning
  - [ ] Compensation Board
  - [ ] DMV License Suspension
  - [ ] Employee Grievance Decision
  - [ ] Employment Commission
  - [ ] Local Government
  - [ ] Marine Resources Commission
  - [ ] School Board
  - [ ] Voter Registration
  - [ ] Other Administrative Appeal

**DOMESTIC/FAMILY**
- [ ] Adoption
  - [ ] Adoption – Foreign
- [ ] Adult Protection
- [ ] Annulment
  - [ ] Annulment – Counterclaim/Responsive Pleading
- [ ] Child Abuse and Neglect – Unfounded Complaint
- [ ] Civil Contempt
- [ ] Divorce (select one)
  - [ ] Complaint – Contested*
  - [ ] Complaint – Uncontested*
  - [ ] Counterclaim/Responsive Pleading
  - [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
- [ ] Separate Maintenance
  - [ ] Separate Maintenance Counterclaim

**WRITS**
- [ ] Certiorari
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Prohibition
- [ ] Quo Warranto

**PROBATE/WILLS AND TRUSTS**
- [ ] Accounting
- [ ] Aid and Guidance
- [ ] Appointment (select one)
  - [ ] Guardian/Conservator
  - [ ] Standby Guardian/Conservator
  - [ ] Custodian/Successor Custodian (UTMA)
- [ ] Trust (select one)
  - [ ] Impress/Declare/Create
  - [ ] Reformation
- [ ] Will (select one)
  - [ ] Construe
  - [ ] Contested

**MISCELLANEOUS**
- [ ] Amend Birth/Death Certificate
- [ ] Appointment (select one)
  - [ ] Church Trustee
  - [ ] Conservator of Peace
  - [ ] Marriage Celebrant
- [ ] Approval of Transfer of Structured Settlement
- [ ] Bond Forfeiture Appeal
- [x] Declaratory Judgment
- [ ] Declare Death
- [ ] Driving Privileges (select one)
  - [ ] Reinstatement pursuant to § 46.2-427
  - [ ] Restoration – Habitual Offender or 3rd Offense
- [ ] Expungement
- [ ] Firearms Rights – Restoration
- [ ] Forfeiture of Property or Money
- [ ] Freedom of Information
- [x] Injunction
- [ ] Interdiction
- [ ] Interrogatory
- [ ] Judgment Lien-Bill to Enforce
- [ ] Law Enforcement/Public Official Petition
- [ ] Name Change
- [ ] Referendum Elections
- [ ] Sever Order
- [ ] Taxes (select one)
  - [ ] Correct Erroneous State/Local
  - [ ] Delinquent
- [ ] Vehicle Confiscation
- [ ] Voting Rights – Restoration
- [ ] Other (please specify) ........................

[x] Damages in the amount of $ 25,000 are claimed.

7.2.26
DATE

[ ] PLAINTIFF [ ] DEFENDANT [x] ATTORNEY FOR [x] PLAINTIFF [ ] DEFENDANT

Elliott Harding, Esq.
PRINT NAME

2805 Meadowbrook Dr.
Charlottesville, VA 22901
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

Elliott@HardingCounsel.com
EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

4349622465

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

FORM CC-1416 (MASTER) PAGE ONE 02/23

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Sceauncia Parr, individually and as next friend of W.C.P., a minor and W.C.P., a minor

**(b)** County of Residence of First Listed Plaintiff ____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Elliott M. Harding, Harding Counsel, PLLC
2805 Meadow Vista Dr., Charlottesville, VA 22901
434-962-8465

## DEFENDANTS

Lynchburg City School Board

County of Residence of First Listed Defendant ____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Robert A. DeRise, Woods Rogers Vandeventer Black PLC, 828 Main Street, 19th Floor, Lynchburg, VA 24504

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [x] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983

Brief description of cause:
Procedural Due Process

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____ DOCKET NUMBER ____

DATE
8/4/2026

SIGNATURE OF ATTORNEY OF RECORD
[signature]

FOR OFFICE USE ONLY

RECEIPT # 6-3192 AMOUNT $405 APPLYING IFP ____ JUDGE Memmer MAG. JUDGE ____

FILED IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
AUG 04 2026
TIME 4:22 P.M.
TESTE: TODD SWISHER, CLERK
BY: 6:26cv95 [signature] Dep. Clerk

JS 44 Reverse (Rev. 03/24)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

FILED IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF THE CITY OF LYNCHBURG

AUG 04 2026 TIME 4:22pM.

TESTE: TODD SWISHER, CLERK

BY: [signature] Dep. Clerk

LYNCHBURG CIRCUIT Case No.:CL26000612-00

PARR, SCEAUNCIA vs. LYNCHBURG CITY SCHOOL BOARD

TABLE OF CONTENTS


| Document Index | Date Filed | Page |
|---|---|---|
| **Manuscripts:** | | |
| INITIAL FILING - COM: | 07/02/2026 | 1 - 14 |
| LYNCHBURG CITY SCHOOL BOARD - LYNC | 07/09/2026 | 15 - 15 |
| NOTICE | 08/04/2026 | 16 - 18 |
| OTHER | 08/04/2026 | 19 - 33 |
| FINAL ORDER - WD TRANS ORDER 8/5/2026 | 08/10/2026 | 34 - 36 |
| CORRESPONDENCE | 08/10/2026 | 37 - 39 |
| **Exhibits:** | | |
| EXHIBITS - A | 08/04/2026 | 40 - 44 |


I, Kenneth T. Swisher, Clerk of the Lynchburg Circuit, certify that the contents of the record listed in the table of contents constitute the true and complete record, except for exhibits whose omission are noted in the table of contents.

LYNCHBURG CIRCUIT | Case No.:CL26000612-00

PARR, SCEAUNCIA vs. LYNCHBURG CITY SCHOOL BOARD

TABLE OF CONTENTS


| Document Index | Date Filed | Page |
|---|---|---|
| **Exhibits:** | | |
| EXHIBITS - A | 08/04/2026 | 40 - 44 |


I, Kenneth T. Swisher, Clerk of the Lynchburg Circuit, certify that the contents of the record listed in the table of contents constitute the true and complete record, except for exhibits whose omission are noted in the table of contents.

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
8/4/2026
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

SCEAUNCIA PARR, individually and as next friend of W.C.P., a minor; and W.C.P., a minor,

Plaintiffs,

v.

LYNCHBURG CITY SCHOOL BOARD,

Defendants.

Case No. 6:26-cv-00095

**NOTICE OF REMOVAL**

Defendant Lynchburg City School Board ("LCSB"), by undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, removes this civil action from the Circuit Court for the City of Lynchburg, Virginia to the United States District Court for the Western District of Virginia, Lynchburg Division. As grounds for removal, LCSB states as follows:

1. LCSB is the sole named defendant in an action commenced on July 2, 2026 in the Circuit Court for the City of Lynchburg, Virginia captioned *Sceauncia Parr, individually and as next friend of W.C.P., a minor; W.C.P., a minor v. Lynchburg City School Board*, Case No. CL26000612-00 (the "State Court Action").

2. In their complaint, Plaintiffs have brought a procedural due process claim against LCSB under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution (Count I), arising from LCSB's decision suspend W.C.P. from E.C. Glass High School for 90 days. Plaintiffs also have brought related claims under Virginia law for declaratory and injunctive relief, alleging that LCSB's suspension decision violated Virginia Code § 22.1-79.3:1(B)(5), (C) and

EXHIBIT A

§ 22.1-277(A) (Count II) as well as Virginia Code § 22.1-277.05(C) (Count III). Finally, Plaintiffs have brought a procedural due process claim arising under Article I, Section 11 of the Constitution of Virginia (Count IV).

3. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant, to the district court of the United States for the district and division embracing the place where such action is pending."

4. Removal is proper because this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331, because Count I arises under the Constitution, laws, or treaties of the United States. The Court has supplemental jurisdiction over Counts II–IV of the Complaint, under 28 U.S.C. § 1367, because the state law claims asserted are so related to the federal claim that they form part of the same case or controversy.

5. The Circuit Court for the City of Lynchburg, Virginia is located within the Western District of Virginia, Lynchburg Division. *See* 28 U.S.C. § 127(b)–(c). Venue for this action is therefore proper in this Court because the Western District of Virginia, Lynchburg Division is the district and division embracing the place where the State Court Action is pending. *See* 28 U.S.C. § 1441(a).

6. LCSB was served with a copy of the complaint and summons on July 14, 2026. *See* Exhibit A. Accordingly, LCSB timely removed this action under 28 U.S.C. § 1446(b).

7. Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit A is a copy of all process, pleadings, and orders served upon LCSB in the State Court Action.

8. No previous application has been made for the relief requested herein.

9. By removing this action to this Court, LCSB does not waive any defenses, objections, or motions available under state or federal law. LCSB expressly reserves the right to move for dismissal of some or all of Plaintiffs' claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

For the foregoing reasons, removal of this case is proper and notice is hereby given that LCSB removes this action from the Circuit Court of the City of Lynchburg, Virginia to the United States District Court for the Western District of Virginia, Lynchburg Division.

Dated: August 4, 2026

Respectfully submitted,

By: /s/ Robert A. DeRise

Robert A. DeRise (VSB No. 78431)
WOODS ROGERS VANDEVENTER
BLACK, PLC
828 Main Street, 19th Floor
Lynchburg, Virginia 24504
Phone: (434) 846-9000
Fax: (434) 846-0337
robert.derise@woodsrogers.com

Jamie H. Wood (VSB No. 97297)
WOODS ROGERS VANDEVENTER
BLACK, PLC
10 South Jefferson Street, Suite 1800
Roanoke, Virginia 24011
Telephone: (540) 983-7785
Facsimile: (540) 427-7479
jamie.wood@woodsrogers.com

*Counsel for*
*Defendant Lynchburg City School Board*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and mailed a copy to the Plaintiffs' counsel at the below address:

Elliott M. Harding (VSB No. 90442)
HARDING COUNSEL, PLLC
2805 Meadow Vista Dr.
Charlottesville, Virginia 22901
Phone: (434) 962-8465
elliott@hardingcounsel.com

/s/ Robert A. DeRise

FILED IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
AUG 04 2026 TIME _____M.
TESTE: TODD SWISHER, CLERK
BY: ________ Dep. Clerk

# Exhibit A