**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

**SCEAUNCIA PARR,**
**individually and as next friend of W.C.P., a minor;**

**W.C.P., a minor,**

***Plaintiffs*,**

**v.** **Case No. 6:26-cv-00095**

**LYNCHBURG CITY SCHOOL BOARD,**

***Defendant*.**

**[PROPOSED] TEMPORARY RESTRAINING ORDER**

This matter is before the Court on the Plaintiffs' Motion for a Preliminary Injunction and Temporary Restraining Order.

Upon consideration of the verified Motion, the Memorandum in support, and the Verified Complaint, ECF No. 6, and the Defendant having appeared through counsel and received notice of the Motion, and pursuant to Fed. R. Civ. P. 65, the Court makes the following findings under the standard of *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008), which state the reasons for the issuance of this Order under Fed. R. Civ. P. 65(d)(1)(A).

1. The Plaintiffs are likely to succeed on the merits. The Defendant suspended W.C.P. for ninety school days on a single charge, a violation of the school's cell phone policy, discipline that Va. Code Ann. § 22.1-79.3:1(B)(5) and (C) (2026) and § 22.1-277(A) (2026) withdraw from every Virginia school board. The ninety-school-day term also exceeds the forty-five-school-day ceiling of Va. Code Ann. § 22.1-277.05(C) (2026) without any of the three statutory predicates. The penalty was imposed by reference to conduct with which

W.C.P. was never charged, without the notice the Fourteenth Amendment and Article I, Section 11 of the Constitution of Virginia require.

2. W.C.P. is likely to suffer irreparable harm in the absence of preliminary relief, and he will suffer it before the Motion for a Preliminary Injunction can be heard. The academic year at E.C. Glass High School begins on August 18, 2026, and each excluded day of instruction, athletics, and the opening of the senior year cannot be restored by any later award of damages.
3. The balance of equities tips in the Plaintiffs' favor. The order requires the Defendant only to educate an enrolled student with no prior disciplinary record whom it has already admitted to the school building for examinations, while denial of the order costs W.C.P. the first semester of his senior year.
4. The order is in the public interest, which the General Assembly declared in Va. Code Ann. § 22.1-79.3:1 and § 22.1-277(A).

It is therefore ORDERED as follows.

1. The Defendant, Lynchburg City School Board, together with its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Order, is RESTRAINED from enforcing the suspension and Home Educational Services placement imposed by the Board's decision of May 15, 2026.
2. W.C.P. shall be permitted to attend E.C. Glass High School in person, to enroll in and attend his classes, and to participate fully in school and extracurricular activities, including athletics, as if no suspension were in place.

3. This Order takes effect upon entry and expires fourteen days after entry unless extended for good cause or by consent under Fed. R. Civ. P. 65(b)(2).
4. Security under Fed. R. Civ. P. 65(c) is waived, the Court finding that the restrained party will incur no costs or damages from an order that returns an enrolled student to his classroom.
5. The Motion for a Preliminary Injunction is set for hearing on the ______ day of _______________, 2026, at ___________, and the parties shall appear.

ENTERED this ______ day of August, 2026.

___________________________________________
United States District Judge