Exhibit 4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

SCEAUNCIA PARR, individually and as next friend of W.C.P., a minor; and W.C.P., a minor,

Plaintiffs,

v.

LYNCHBURG CITY SCHOOL BOARD,

Defendants.

Case No. 6:26-cv-95

**DECLARATION OF TRAVIS MARSHALL**

I, Travis Marshall, pursuant to 28 U.S.C. § 1746, hereby declare:

1. I am over the age of eighteen and submit this declaration based upon my personal knowledge, and the following is stated to the best of my information and belief.

2. I submit this Declaration on behalf of Defendant Lynchburg City School Board for use in the above-captioned case.

3. I am the Chief Operations Officer with Lynchburg City Schools ("LCS"), and have held that position since 2025. In this capacity, I am responsible for oversight of operations concerning Facilities & Maintenance, Transportation, School Nutrition, Athletics, as well as other LCS oversight responsibilities. I also serve as a Hearing Officer on behalf of LCS in certain matters pending before the Lynchburg School Board Disciplinary Committee.

4. In my role as LCS Hearing Officer, I am familiar with and attended W.C.P.'s hearing before the Lynchburg School Board Disciplinary Committee on May 14, 2026.

5. As the Hearing Officer, I began the meeting by introducing myself and briefly described the purpose of the hearing.

6. After I spoke, then-Principal of E.C. Glass High School, Daniel Rule, provided a description of W.C.P.'s infraction.

7. At the hearing, W.C.P. attended and was afforded the opportunity to, and did, address the Disciplinary Committee on his own behalf. W.C.P. was given no time restrictions or limits and spoke as long as he wished.

8. W.C.P.'s mother, Sceancia Parr ("Ms. Parr.") also attended the hearing. She was given the opportunity to address the Disciplinary Committee on W.C.P.'s behalf, and did so. She was given no time restrictions or limits, and spoke as long as she wished.

9. W.C.P. was given the opportunity to bring other persons (character references or otherwise), to speak on his behalf, though he did not take advantage of that opportunity.

10. W.C.P. was given the opportunity to submit additional evidence or letters of support on his behalf. While he did not submit any evidence contesting the charge, W.C.P. did take advantage of the opportunity to submit character reference letters on his behalf, and he submitted a number of them that were considered by the Disciplinary Committee.

I declare under penalty of perjury, and pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on: 8/14/2026

Travis Marshall
Lynchburg City Schools Chief Operations Officer