Exhibit 5

| | |
|---|---|
| Book | Policy Manual |
| Section | Section J: Students |
| Title | Student Suspension/Expulsion |
| Code | JGD/JGE |
| Status | Active |
| Adopted | July 12, 2016 |
| Last Revised | August 19, 2025 |
| Last Reviewed | August 14, 2025 |
| Prior Revised Dates | 8/7/2018, 8/4/2020, 9/7/2021, 8/1/2023, 7/9/2024, 12/3/2024 |

# STUDENT SUSPENSION/EXPULSION

Suspension or expulsion is the final step in the Lynchburg City Schools' student disciplinary process. A suspension is the denial of access to all facilities and programs of the school division during the length of the suspension or expulsion. All long-term suspensions and expulsions require approval by the school board.

## I. DEFINITIONS

As used in this Policy,

"Alternative education program" shall include night school, adult education, or another education program designed to offer instruction to students for whom the regular program of instruction may be inappropriate.

"Destructive device" means (1) any explosive, incendiary, or poison gas, bomb, grenade, rocket having a propellant charge of more than four ounces, missile having an explosive or incendiary charge of more than one-quarter ounce, mine, or other similar device; (2) any weapon, except a shotgun or a shotgun shell generally recognized as particularly suitable for sporting purposes, by whatever name known that will, or may be readily converted to, expel a projectile by the action of an explosive or other propellant, and that has any barrel with a bore of more than one-half inch in diameter that is homemade or was not made by a duly licensed weapon manufacturer, any fully automatic firearm, any sawed-off shotgun or sawed-off rifle as defined in Va. Code § 18.2-299 or any firearm prohibited from civilian ownership by federal law; and (3) any combination of parts either designed or intended for use in converting any device into any destructive device described herein and from which a destructive device may be readily assembled. "Destructive device" does not include any device that is not designed or redesigned for use as a weapon, or any device originally designed for use as a weapon and that is redesigned for use as a signaling, pyrotechnic, line-throwing, safety, or other similar device, nor shall it include any antique firearm as defined in Va. Code § 18.2-308.2:2.

"Disruptive behavior" means a violation of school board policies or the Standards of Student Conduct issued by the Superintendent pursuant to Policy JFC Student Conduct that interrupts or obstructs the learning environment.

"Exclusion" means a Virginia school board's denial of school admission to a student who has been expelled or has been placed on a long-term suspension of more than thirty (30) calendar days by another school board or a private school, either in Virginia or another state, or for whom admission has been withdrawn by a private school in Virginia or another state.

"Expulsion" means any disciplinary action imposed by a school board or a committee thereof, as provided in school board policy, whereby a student is not permitted to attend school within the school division and is ineligible for readmission for 365 calendar days after the date of the expulsion.

"Firearm" means (1) any weapon, including a starter gun, that will, or is designed or may readily be converted to, expel single or multiple projectiles by the action of an explosion of a combustible material; (2) the frame or receiver of any such weapon; or (3) any unloaded firearm in a closed container. "Firearm" does not include any pneumatic gun as defined in this Policy.

"Long-term suspension" means any disciplinary action whereby a student is not permitted to attend school for 11 to 45 school days.

"One year" means 365 calendar days as required in federal regulations.

"Pneumatic gun" means any implement, designed as a gun, that will expel a BB or a pellet by action of pneumatic pressure. 'Pneumatic gun' includes a paintball gun that expels by action of pneumatic pressure plastic balls filled with paint for the purpose of marking the point of impact.

"School Board Disciplinary Committee or Student Disciplinary Committee" means a committee composed of at least three members of the Lynchburg City School Board.

"School property" means any real property owned or leased by the City of Lynchburg and turned over to the School Board to be used by the division for school purposes, or real property leased by the School Board or any vehicle owned or leased by the School Board or operated by or on behalf of the School Board.

"Short-term suspension" means any disciplinary action whereby a student is not permitted to attend school for a period not to exceed ten (10) school days.

In Sections III, IV, VI, and VIII of this Policy, 'Superintendent's designee' means a 1) trained hearing officer or 2) professional employee in the administrative offices of the school division who reports directly to the Superintendent and who is not a school-based instructional or administrative employee.

**SUSPENSIONS AND EXPULSIONS OF STUDENTS GENERALLY**

Pupils may be suspended or expelled from attendance at school for sufficient cause; however, in no case may sufficient cause for suspension include only instances of truancy. Additionally, no violation of any student cell phone and smart device possession and use policy developed or implemented in accordance with subsection B shall alone constitute sufficient cause for a student's suspension or expulsion from attendance at school pursuant to §22.1-277. Any violation of any such student cell phone and smart device possession and use policy that involves, coincides with, or results in an instance of disruptive behavior, as that term is defined in 22.1-276.01, shall be addressed in accordance with the regulations on codes of student conduct adopted by each school board pursuant to subsection B of § 22.1-279.6.

Except as provided in subsection C of Va. Code § 22.1-277 or Va. Code §§ 22.1-277.07 or 22.1-277.08, no student in preschool through grade three is suspended for more than three (3) school days or expelled from attendance at school, unless (i) the offense involves physical harm or credible threat of physical harm to others or (ii) the School Board or the Superintendent or Superintendent's designee finds that aggravating circumstances exist, as defined by the Virginia Department of Education.

Any student for whom the Superintendent has received a report pursuant to Va. Code § 16.1-305.1 of an adjudication of delinquency or a conviction for an offense listed in subsection G of Va. Code § 16.1-260 may be suspended or expelled from attendance at school.

The authority of teachers to remove students from their classes in certain instances of disruptive behavior shall not be interpreted to affect the operation of this Policy.

Notwithstanding the provisions of § 22.1-277.08, no school board shall be required to suspend or expel any student who holds a valid written certification for the use of cannabis oil issued by a practitioner in accordance with § 4.1-1601 for the possession or use of such oil in accordance with the student's individualized health plan and in compliance with a policy adopted by the school board.

The Superintendent is responsible for creating procedures to ensure that suspended students are able to access and complete graded work during and after the suspension.

## III. SHORT-TERM SUSPENSIONS

A pupil may be suspended for not more than ten (10) school days by either the school principal, any assistant principal, or, in their absence, the principal's designee. The principal, assistant principal, or principal's designee may suspend the pupil after giving the pupil oral or written notice of the charges against him and, if he denies them, an explanation of the facts as known to school personnel and an opportunity to present his version of what occurred. In the case of any pupil whose presence poses a continuing danger to persons or property, or whose presence is an ongoing threat of disruption, the pupil may be removed from school immediately and the notice, explanation of facts, and opportunity to present his version shall be given as soon as is practical thereafter.

Upon suspension of any pupil, the principal, assistant principal, or principal's designee responsible for such suspension shall report the facts of the case in writing to the Superintendent or Superintendent's designee and the parent of the pupil suspended. The Superintendent or Superintendent's designee reviews forthwith the action taken by the principal, assistant principal, or principal's designee upon a petition for such review by any party in interest and confirm, reduce, or disapprove such action based on an examination of the record of the pupil's behavior.

The decision of the division superintendent or his designee may be appealed to the school board or a committee thereof in accordance with regulations of the school board; however, the decision of the division superintendent or his designee shall be final if so prescribed by school board regulations.
Any oral or written notice to the parent of a student who is suspended from school attendance for not more than ten (10) days shall include notification of the length of the suspension, information regarding the availability of community-based educational programs, alternative education programs or other educational options, and of the student's right to return to regular school attendance upon the expiration of the suspension. The costs of any community-based educational program, alternative education program, or educational option, which is not a part of the educational program offered by the school division, are borne by the parent of the student.

## IV. LONG-TERM SUSPENSION

A pupil may be suspended from attendance at school for 11 to 45 school days after written notice is provided to the pupil and the pupil's parent of the proposed action and the reasons for the action and of the right to a hearing before the Hearing Officer. The Hearing Officer may confirm, alter, or overturn the suspension. Hearings will proceed as scheduled and shall not be rescheduled unless extenuating circumstances exist (as determined by the Superintendent or the Superintendent's designee). In the event the pupil or parent waives their right to appear or fail to appear at the hearing, the hearing shall be held in their absence and the decision shall be based on any documentation and evidence provided by the school principal or their designee. The pupil or the pupil's parent may appeal the Hearing Officer's decision to the Student Discipline Committee. Such appeal shall be decided by the Student Discipline Committee within thirty (30) days. The pupil will remain suspended until the appeal is determined.

If the regulations provide for a hearing by a committee of the school board, the regulations shall also provide that such committee may confirm or disapprove the suspension of a student. Any such committee of the school board shall be composed of at least three members. If the committee's decision is not unanimous, the pupil or his parent may appeal the committee's decision to the full school board. Such appeal shall be decided by the school board within 30 days.

If the regulations provide for a hearing by the superintendent or his designee, the regulations shall also provide for an appeal of the decision to the full school board. Such appeal shall be decided by the school board within 30 days.

### Letter of agreement

1. As an alternative to a hearing, an LCS Hearing Officer has the authority to enter into a Letter of Agreement with the pupil and pupil's parent, whereby the student and pupil's parent accept and agree to waive the disciplinary appeal and accept the placement and all conditions (nontraditional education placement, behavior contract, etc.) recommended by Hearing Officer. The Letter of Agreement shall be binding and final, and there is no appeal.
2. If a pupil or pupil's parent is offered and accepts a Letter of Agreement and does not fulfill one or more of the conditions by the required date stated in the letter, then the student will be in violation of the Letter of Agreement.
3. If the pupil is deemed a "probationary student" as a result of the Letter of Agreement and is to be placed on a behavior contract at school, the pupil shall be considered in violation of the Letter of

Agreement if the pupil violates the "Student Code of Conduct" by committing an offense that would constitute an out-of-school suspension. In these cases, the pupil shall be suspended from school for five days and an LCS Discipline Violation Hearing shall be held by a Hearing Officer. Every reasonable effort shall be made to hold the Violation Hearing within those five days of out-of-school suspension.

If any part, section, subsection, sentence, clause, or phrase of the regulation is for any reason declared to be unconstitutional or invalid, or otherwise in violation of law, that declaration shall not affect the validity of any other portion of this regulation, it being the express intent of the School Board that each provision stand independently and that severability be enforced to the maximum extent permitted by law.

The written notice of a suspension for 11 to 45 school days includes notification of the length of the suspension and provides information concerning the availability of community-based educational, alternative education, or intervention programs. Such notice also states that the student is eligible to return to regular school attendance upon the expiration of the suspension or to attend an appropriate alternative education program approved by the School Board during or upon the expiration of the suspension. The costs of any community-based educational, alternative education, or intervention program that is not a part of the educational program offered by the school division that the student may attend during the student's suspension is borne by the parent of the student.

A long-term suspension may extend beyond a 45-school-day period but shall not exceed 364 calendar days if (i) the offense is one described in Va. Code §§ 22.1-277.07 or 22.1-277.08 or involves serious bodily injury or (ii) a committee of the School Board or the Superintendent or Superintendent's designee finds that aggravating circumstances exist, as defined by the Virginia Department of Education. Such definition shall include a consideration of a student's disciplinary history.

Nothing herein shall be construed to prohibit the School Board from permitting or requiring students suspended pursuant to this section to attend an alternative education program provided by the School Board for the term of such suspension.

## V. EXPULSION

### B. Conduct Giving Rise to Expulsion

Recommendations for expulsions for actions other than those specified below shall be based on consideration of the following factors:

- the nature and seriousness of the conduct;
- the degree of danger to the school community;
- the student's disciplinary history, including the seriousness and number of previous infractions;
- the appropriateness and availability of an alternative education placement or program;
- the student's age and grade level;
- the results of any mental health, substance abuse, or special education assessments;
- the student's attendance and academic records; and
- other appropriate matters.

In the case of assault, intimidation, battery or threat thereof to a teacher, staff member or volunteer at any time during school or after school hours albeit on or off school property the student shall be considered for expulsion in accordance with applicable laws.

A student who uses language or gestures toward a teacher, staff member, or volunteer that are vulgar, profane, obscene, or abusive in nature, and whose behavior poses a potential danger to the LCS employee or volunteer due to its severity or persistence, or who has a history of serious and repeated disciplinary infractions of this nature, may be subject to disciplinary action, up to and including expulsion. This applies regardless of whether the behavior occurs during school hours or after hours, and whether it occurs on or off school property.

In such cases, the principal or their designee will evaluate the severity and context of the infraction, utilizing tools such as threat assessments as appropriate, to inform a disciplinary recommendation, which may include short-term suspension (ten days or fewer), or referral to the Long-Term Hearing Officer for consideration of long-term suspension or expulsion.

The Discipline Committee will make its determination after considering the factors listed above and following the procedures outlined in Subsection D.

No decision to expel a student shall be reversed on the grounds that such factors were not considered. Nothing in this subsection precludes the School Board from considering any of the factors listed above as "special circumstances" for purposes of expulsions discussed in the following subsections.

In the case of assault, intimidation, battery, or threat thereof to a teacher, staff member, or volunteer the student shall be recommended for expulsion. The School Board Student Disciplinary Committee will make its ruling after consideration of the above factors.

**1. Firearms, Destructive Devices and Pneumatic Guns**

In compliance with the federal Improving American's Schools Act of 1994 (Part F-Gun-Free Schools Act of 1994), the School Board shall expel from school attendance for a period of not less than one year any student whom the School Board has determined to have possessed a firearm on school property or at a school-sponsored activity as prohibited by Va. Code § 18.2-308.1, or to have possessed a firearm or destructive device as defined in subsection E, a firearm muffler or firearm silencer, or a pneumatic gun as defined in subsection E of § 15.2-915.4 on school property or at a school-sponsored activity. . A school administrator or the School Board may, however, determine, based on the facts of a particular situation, that special circumstances exist and no disciplinary action or another disciplinary action or another term of expulsion is appropriate. The School Board may promulgate guidelines for determining what constitutes special circumstances. In addition, the School Board authorizes the Superintendent or Superintendent's designee to conduct a preliminary review of such cases to determine whether a disciplinary action other than expulsion is appropriate. Such regulations shall ensure that, if a determination is made that another disciplinary action is appropriate, any such subsequent disciplinary action is to be taken in accordance with the procedures set forth in this article. Nothing in this section shall be construed to require a student's expulsion regardless of the facts of the particular situation.

The exemptions set out in Va. Code § 18.2-308 regarding concealed weapons shall apply, *mutatis mutandis*, to the provisions of this Policy. The provisions of this section do not apply to students who possess such firearm or firearms or pneumatic guns as a part of the curriculum or other programs sponsored by the schools in the school division or any organization permitted to use school premises.

**2. Drug Offenses**

The School Board shall expel from school attendance any student whom the School Board has determined to have brought a controlled substance imitation controlled substance.or marijuana as defined in Va. Code § 18.2-247, or synthetic cannabinoids as defined in Va. Code § 18.2-247 onto school property or to a school-sponsored activity. A school administrator, pursuant to school board policy, or the School Board may, however, determine, based on the facts of the particular case, that special circumstances exist and another disciplinary action is appropriate. In addition, the School Board authorizes the Superintendent or the Superintendent's designee to conduct a preliminary review of such cases to determine whether a disciplinary action other than expulsion is appropriate. Such regulations shall ensure that, if a determination is made that another disciplinary action is appropriate, any such subsequent disciplinary action is to be taken in accordance with the procedures set forth in this article. Nothing in this section shall be construed to require a student's expulsion regardless of the facts of the particular situation.

**C. Procedure for Hearing Officer Hearing for Long-Term Suspension**

The procedure for a hearing with the Hearing Officer shall be as follows:

- The Hearing Officer shall determine the propriety of attendance at the hearing of persons not having a direct interest in the hearing. The hearing shall be private unless otherwise specified by the Hearing Officer.
- The Hearing Officer may ask for opening statements from the principal or principal's representative and the student or student's parent(s) (or their representative) and, at the discretion of the Hearing Officer, may allow closing statements.
- The parties then present their evidence. Because the principal has the ultimate burden of proof, they present their evidence first. Witnesses may be questioned by the Hearing Officer and by the parties (or their representatives). The Hearing Officer may, at their discretion, vary this procedure, but it shall afford the full opportunity to both parties for the presentation of any material or relevant evidence and shall afford the parties the right of cross-examination provided, however, that the Hearing Officer may take the testimony of student witnesses outside the presence of the student,

the student's parent(s) and their representative if the Hearing Officer determines, in its discretion, that such action is necessary to protect the student witness.

- The parties shall produce such additional evidence as the Hearing Officer may deem necessary. The Hearing Officer shall be the judge of the relevancy and materiality of the evidence.
- Exhibits offered by the parties may be received in evidence by the Hearing Officer and, when so received, shall be marked and made part of the record.
- The Hearing Officer may uphold, alter, or overturn the recommendations.
- The Hearing Officer shall transmit their decision, including the reasons for the decision, to the Superintendent or Superintendent's designee who will then notify the student, the student's parent(s), and the principal.

**D. Procedure for Student Discipline Committee Hearing for Long-Term Suspension Appeals or Expulsion**

The procedure for the Student Discipline Committee hearing shall be as follows:

- The Student Discipline Committee shall determine the propriety of attendance at the hearing of persons not having a direct interest in the hearing. The hearing shall be private unless otherwise specified by the Student Disciplinary Committee.
- The Student Discipline Committee may ask for opening statements from the principal or principal's representative and the student or student's parent(s) (or their representative) and, at the discretion of the Student Discipline Committee, may allow closing statements.
- The parties then present their evidence. Because the principal has the ultimate burden of proof, they present their evidence first. Witnesses may be questioned by the Student Discipline Committee members and by the parties (or their representative). The Student Discipline Committee may, at its discretion, vary this procedure, but it shall afford full opportunity to both parties for presentation of any material or relevant evidence and shall afford the parties the right of cross examination provided, however, that the Student Discipline Committee may take the testimony of student witnesses outside the presence of the student, the student's parent(s) and their representative if the Student Discipline Committee determines, in its discretion, that such action is necessary to protect the student witness.
- The parties shall produce such additional evidence as the Student Discipline Committee may deem necessary. The Student Discipline Committee shall be the judge of the relevancy and materiality of the evidence.
- Exhibits offered by the parties may be received in evidence by the Student Discipline Committee and, when so received, shall be marked and made part of the record.
- The Student Discipline Committee may, by majority vote, decide the recommendations of the appeal or expulsion.
- The Student Discipline Committee shall transmit its decision, including the reasons for the decision, to the Superintendent or Superintendent's designee who will then notify the student, the student's parent(s), and the principal.

Following the decision of the Student Discipline Committee or upon expiration of the appeal period, the student's parent(s) or guardian shall be provided with written notice which shall include the following:

- The terms or conditions of re-admission, if any;
- The duration of the long-term suspension or expulsion;
- A statement declaring whether the student is eligible to return to school or attend an appropriate alternative education program approved by the School Board or an adult education program offered by the division during or after the long-term suspension or expulsion. If neither option applies in the case of expulsion, a statement that the student may petition the School Board for readmission after one calendar year from the date of the expulsion; and
- The availability of community-based educational, training and intervention programs.

The student or student's parent(s) may appeal the Student Discipline Committee's decision to the full School Board only if the decision of the Student Discipline Committee is not unanimous. Otherwise the decision of the Student Discipline Committee is final.

The appeal to the full School Board must be in writing and must be filed with the Superintendent within five (5) calendar days of the committee's decision. Failure to file a written appeal within the specified time will constitute a waiver of the right to an appeal. The full School Board will decide the appeal within thirty (30) calendar days of the request for an appeal and communicate its decision in writing to the student and the student's parent, guardian, or other person having control or charge of the student. Such written notice includes any changes in: (1) the duration of the suspension or expulsion; (2) the availability of community-based educational, training, and intervention programs; and/or (3) eligibility to return to school or attend an alternative education program. No statements, witnesses or evidence may be presented at this appeal unless specifically requested by the Chair of the Board.

## VI. ALTERNATIVE EDUCATION PROGRAM

The School Board may require any student who has been

- charged with an offense relating to the laws of Virginia, or with a violation of School Board policies, on weapons, alcohol or drugs, or intentional injury to another person, or with an offense that is required to be disclosed to the Superintendent of the school division pursuant to Va. Code § 16.1-260.G;
- found guilty or not innocent of an offense relating to Virginia's laws on weapons, alcohol, or drugs, or of a crime that resulted in or could have resulted in injury to others, or of an offense that is required to be disclosed to the Superintendent of the school division pursuant to Va. Code § 16.1-260.G.;
- found to have committed a serious offense or repeated offenses in violation of School Board policies;
- suspended pursuant to Va. Code § 22.1-277.05; or
- expelled pursuant to Va. Code § 22.1-277.06, 22.1-277.07, or 22.1-277.08 or subsection C of Va. Code § 22.1-277,

to attend an alternative education program. The School Board may require such student to attend such programs regardless of where the conduct occurred.

The School Board may require any student who has been found to have been in possession of, or under the influence of, drugs or alcohol on a school bus, on school property, or at a school-sponsored activity in violation of School Board policies, to undergo evaluation for drug or alcohol abuse, or both, and, if recommended by the evaluator and with the consent of the student's parent, to participate in a treatment program.

The School Board authorizes the Superintendent or Superintendent's designee to require students to attend an alternative education program consistent with the provisions of this section after (i) written notice to the student and the student's parent that the student will be required to attend an alternative education program and (ii) notice of the opportunity for the student or the student's parent to participate in a hearing to be conducted by the Superintendent or the Superintendent's designee regarding such placement. If the student or parent wants to participate in a hearing regarding the placement, the student or parent must notify the Superintendent or Superintendent's designee within 5 calendar days of receiving the written notice of the student's assignment to the alternative education program. The decision of the Superintendent or Superintendent's designee regarding such alternative education placement is final unless altered by the Board upon written petition by the student or student's parent for a review of the record by the School Board. Such petition must be received by the Superintendent or Superintendent's designee within 5 calendar days after receiving written notice of the decision after the hearing.

A principal (or principal's designee) may impose a short-term suspension, pursuant to Va. Code § 22.1-277.04, upon a student who has been charged with an offense involving intentional injury enumerated in Va. Code § 16.1-260.G, to another student in the same school pending a decision as to whether to require that such student attend an alternative education program.

As used in this section, "charged" means that a petition or warrant has been filed or is pending against a pupil.

## VII. REPORTING

A. Except as may otherwise be required by federal law, regulation, or jurisprudence, reports shall be made to the Superintendent, the Student Discipline Committee, and to the principal or principal's designee on all incidents involving

1. Alcohol, marijuana, a controlled substance, an imitation controlled substance, or an anabolic steroid on a school bus, on school property, or at a school-sponsored activity, including the theft or attempted theft of student prescription medications;
2. The assault and battery that results in bodily injury of any person on a school bus, on school property, or at a school-sponsored activity;
3. The sexual assault, death, shooting, stabbing, cutting, or wounding of any person, abduction of any person as described in § 18.2-47 or 18.2-48, or stalking of any person as described in § 18.2-60.3, on a school bus, on school property, or at a school-sponsored activity;
4. Any written threats against school personnel while on a school bus, on school property, or at a school-sponsored activity;
5. The illegal carrying of a firearm, as defined in § 22.1-277.07, onto school property;
6. Any illegal conduct involving firebombs, explosive materials or devices, or hoax explosive devices, as defined in § 18.2-85, or explosive or incendiary devices, as defined in § 18.2-433.1, or chemical bombs, as described in § 18.2-87.1, on a school bus, on school property, or at a school-sponsored activity;
7. Any threats or false threats to bomb, as described in § 18.2-83, made against school personnel or involving school property or school buses; or

8. The arrest of any student for an incident occurring on a school bus, on school property, or at a school-sponsored activity, including the charge therefor.
9. Any illegal possession of weapons, alcohol, drugs, or tobacco products.

B. The Superintendent and the principal or principal's designee may receive reports made by local law enforcement authorities on offenses, wherever committed, by students enrolled at the school if the offense would be a felony if committed by an adult or would be a violation of the Drug Control Act, Va. Code § 54.1-3400 et seq., and occurred on a school bus, on school property, or at a school-sponsored activity, or would be an adult misdemeanor involving any incidents described in the clauses (1) through (8) of subsection VII.A. of this policy, and whether the student is released to the custody of the student's parent or, if 18 years of age or more, is released on bond. A Superintendent who receives notification that a juvenile has committed an act that would be a crime if committed by an adult pursuant to subsection G of Va. Code § 16.1-260 shall report such information to the Student Discipline Committee and the principal of the school in which the juvenile is enrolled.

C. The principal or principal's designee submits a report of all incidents required to be reported pursuant to subsection VII.A.(1-8) of this policy to the Superintendent of the school division. The Superintendent annually reports all such incidents to the Department of Education.

In submitting reports of such incidents, principals and Superintendents accurately indicate any offenses, arrests, or charges as recorded by law-enforcement authorities and required to be reported by such authorities pursuant to subsection VII.B of this policy.

A division superintendent who knowingly fails to comply or secure compliance with the reporting requirements of this subsection shall be subject to the sanctions authorized in § 22.1-65. A principal who knowingly fails to comply or secure compliance with the reporting requirements of this section shall be subject to sanctions prescribed by the local school board, which may include, but need not be limited to, demotion or dismissal.

D. The principal or his designee shall also notify the parent of any student involved in an incident required by this subsection to be reported, regardless of whether disciplinary action is taken against such student or the nature of the disciplinary action. Such notice relates to only the relevant student's involvement and does not include information concerning other students.

E. Whenever any student commits any reportable incident as set forth in this section, such student shall be required to participate in such prevention and intervention activities as deemed appropriate by the Superintendent or Superintendent's designee. Prevention and intervention activities shall be identified in the local school division's drug and violence prevention plans developed pursuant to the federal Improving America's School Act of 1994 (Title IV - Safe Drug-Free Schools and Communities Act).

F. Except as may otherwise be required by federal law, regulation, or jurisprudence, a principal immediately reports to the local law enforcement agency any act enumerated in clauses ( under subsection VII.A. of this policy that may constitute a felony offense and may report to the local law enforcement agency. The assault, or assault and battery, without bodily injury, of any person on a school bus, on school property or at a school sponsored activity.

G. A statement providing a procedure and the purpose for the requirements of this section shall be included in school board policies required by § 22.1-253.13:7.

H. For purposes of this section, "parent" or "parents" means any parent, guardian or other person having control or charge of a child.

In addition, except as may be prohibited by federal law, regulation, or jurisprudence, the principal also immediately reports any act enumerated in clauses (2) through (5) of subsection VII. A of this policy that may constitute a criminal offense to the parents of any minor student who is the specific object of such act. Further, the principal reports whether the incident has been reported to local law enforcement pursuant to this subsection and if the incident is so reported, that the parents may contact local law enforcement for further information, if they so desire.

**VIII. RE-ADMISSION OF SUSPENDED AND/OR EXPELLED STUDENTS**

Any student who has been suspended from a school of this division is not eligible to attend any other school within the division until eligible to return to the student's regular school.

Any student who has been expelled or suspended for more than thirty (30) days from attendance at school by a school board or a private school in this Commonwealth or in another state or for whom admission has been withdrawn by a private school in this Commonwealth or in another state may be excluded from attendance in the Lynchburg City Schools, in accordance with Policy JEC School Admission. In the case of a suspension of more than

thirty (30) days, the term of the exclusion may not exceed the duration of such suspension.

In excluding any such expelled student from school attendance, the Lynchburg City School Board may accept or waive any or all of any conditions for readmission imposed upon such student by the expelling school board pursuant to Va. Code § 22.1-277.06. The School Board shall not impose additional conditions for readmission to school.

No suspended student is admitted to the regular school program until such student and the student's parent have met with school officials to discuss improvement of the student's behavior, unless the school principal or principal's designee determines that re-admission, without parent conference, is appropriate for the student.

If the parent fails to comply with this policy or Policy JEC School Admission, the School Board may ask the Juvenile and Domestic Relations Court to proceed against the parent for willful and unreasonable refusal to participate in efforts to improve the student's behavior.

Upon the expiration of the exclusion period for an expulsion or a withdrawal of admission, which period shall be established by the School Board Disciplinary Committee or Superintendent or Superintendent's designee, as the case may be at the relevant hearing, the student may re-petition the School Board for admission. If the petition for admission is rejected, the School Board shall identify the length of the continuing exclusion period and the subsequent date upon which such student may re-petition the School Board for admission.

The School Board may permit students excluded pursuant to this subsection to attend an alternative education program provided by the School Board for the term of such exclusion.

**IX. DISCIPLINING STUDENTS WITH DISABILITIES**

Students with disabilities are disciplined in accordance with Policy JGDA Disciplining Students with Disabilities.

Legal

20 U.S.C. 7961.

Code of Virginia, 1950, as amended, 15.2-915.4, 16.1-260, 18.2-119, 18.2-308.1, 18.2-308.7, 18.2-308.2:2, 22.1-200.1, 22.1-254, 22.1-276.01, 22.1-276.2, 22.1-277, 22.1-277.04, 22.1-277.05, 22.1-277.06, 22.1-277.07, 22.1-277.07:1, 22.1-277.08, 22.1-277.2, 22.1-277.2:1, 22.1-279.3:1.

8 VAC 20-560-10.

Cross References

KG Community Use of School Facilities

BCEA - School Board Disciplinary Committee

IGBH - Alternative School Programs

JEC - School Admission

JFC - Student Conduct

JFCD - Weapons in School

JGDA - Disciplining Students with Disabilities

JGDB - Discipline of Students With Disabilities For Infliction of Serious Bodily Injury