UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| SCEAUNCIA PARR, individually and as next friend of W.C.P., a minor; and W.C.P., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>LYNCHBURG CITY SCHOOL BOARD,<br><br>Defendants. | Case No. 6:26-cv-95 |

**<u>LYNCHBURG CITY SCHOOL BOARD'S MOTION TO SEAL</u>**

Defendant Lynchburg City School Board ("LCS"), pursuant to Local Rule 9, requests that the Court file under seal certain exhibits and excerpts from LCS's brief in opposition to Plaintiffs Sceauncia Parr, individually and as next friend of W.C.P., a minor, and W.C.P's Motion for Preliminary Injunction and Temporary Restraining Order. <u>See</u> Dkt. 11, 11-1, 11-2, 11-3 (proposed redacted filings). In support of this motion, LCS states:

1. On July 2, 2026, Plaintiffs brought this suit against the LCS in the Circuit Court for the City of Lynchburg alleging that LCS' suspension of W.C.P. violated his procedural due process rights under the Fourteenth Amendment to the U.S. Constitution, as well as violated the Virginia Constitution and certain statutes.

2. On August 13, 2026, two business days before the start of the new school year, Plaintiffs filed a Motion for Preliminary Injunction and Temporary Restraining Order. The Court is scheduled to hear argument on this motion on August 17 at 1:00 PM.

3. The Court has permitted LCS to file a brief in opposition to Plaintiffs' motion prior to the hearing. Dkt. 9.

4. LCS seeks to file under seal certain exhibits to be submitted with its brief in opposition to the motion, including the so-called "chirp list" created by W.C.P. which gave rise to the disciplinary charge as well as other documents that identify specific third-party minor students and their personal and sensitive information and other third-parties. Dkt. 11-1. LCS has tendered those versions to the Court under seal, pending the Court's consideration of this motion to seal.

5. LCS also seeks to file with the Court the redacted version of its brief in opposition to Plaintiffs' motion, which redacts and protects the same information where it is referenced in LCS's brief, which has been filed herewith. See Dkt. 11.

6. LCS also seeks to redact certain information in W.C.P.,'s disciplinary file, particularly as it relates to non-public and sensitive information concerning minors (himself and others), and third-parties who are not litigants in this matter, which information is contained in LCS's opposition brief as well as the attachments to the Declaration of Dr. Christopher Sumner. See Dkt. 11-2. Information is also redacted regarding the impact W.C.P.'s chirp list had on third-party minor students, which is contained in the Declaration of Deputy Superintendent Dr. Jennifer Davis and referenced in LCS's opposition brief. See Dkt. 11-3.

7. Through this motion LCS seeks to protect the privacy interests of third-party minor students who have already been negatively impacted by the chirp list created and disseminated by W.C.P., by preventing the filing of the same information on the public docket.

8. While Courts recognize a presumption that the public has a right to access all judicial documents and records, the presumption may be overcome by a finding that "there is a

significant countervailing interest in support of sealing that outweights the public's interest in openness." See United States v. Doe, 962 F.3d 139, 145 (4th Cir. 2020).

9. "Courts have recognized that an interest in protecting the physical and psychological well-being of individuals related to the litigation . . . particularly minors, may justify restricting access." United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018).

10. Here, as the documents and excerpts submitted under seal demonstrate, filing this information on the public docket risks injury to the psychological well-being of third-party students who have already endured psychological injury from W.C.P.'s publication of the chirp list and should not be further injured by the public filing of this information. It also risks dislcosure of nonpublic and sensitive information about third-party minors and others not before the Court.

11. Plaintiffs' counsel has agreed that he and his clients will treat the information sought to be filed under seal as "confidential," i.e., that it will not be disclosed to third persons and may only be used for purposes of this case, unless and until any objection to such designation is made and ruled upon by the Court.

For these reasons, LCS asks the Court to grant this motion and permit the filing of the exhibits and an unredacted version of LCS's opposition brief under seal.

Dated: August 17, 2026.

Respectfully submitted,

By: /s/ Robert A. DeRise

Robert A. DeRise (VSB No. 78431)
WOODS ROGERS VANDEVENTER
BLACK, PLC
828 Main Street, 19th Floor
Lynchburg, Virginia 24504
Phone: (434) 846-9119
Fax: (434) 846-0337
robert.derise@woodsrogers.com

Jamie H. Wood (VSB No. 97297)
WOODS ROGERS VANDEVENTER
BLACK, PLC
10 South Jefferson Street, Suite 1800
Roanoke, Virginia 24011
Telephone: (540) 983-7785
Facsimile: (540) 427-7479
jamie.wood@woodsrogers.com
*Counsel for Defendant*
*Lynchburg City School Board*

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a copy to all counsel of record.

/s/ Robert A. DeRise
Robert A. DeRise