CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
8/17/2026
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
LYNCHBURG DIVISION

SCEAUNCIA PARR, INDIVIDUALLY AND AS NEXT FRIEND OF W.C.P., A MINOR, AND W.C.P., A MINOR,

*Plaintiffs,*

v.

LYNCHBURG CITY SCHOOL BOARD,

*Defendant.*

CASE NO. 6:26-CV-00095

**ORDER**

JUDGE NORMAN K. MOON

Through counsel, Sceauncia Parr and W.C.P., her minor child, (together "Plaintiffs") move the Court for a temporary restraining order ("TRO") against the Lynchburg City School Board ("LCS"). Dkt. 7. They request a TRO to prevent LCS from further imposing its 90-day suspension against W.C.P. as the suspension will cause "irreparable harm" due to his absence from in-person instruction and "from pre-season athletic participation including the E.C. Glass High School varsity golf program among other on-site activities." *Id.* LCS opposes the motion. For the following reasons, the Court will grant it. *Id.*

To receive a TRO, Plaintiffs must demonstrate (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) that a TRO is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Plaintiffs testimony at the hearing today demonstrated a *prima facie* case for a deprivation of procedural due process under 42 U.S.C. § 1983. Under this standard, students facing disciplinary actions are entitled to (1) notice of the charges against them, and (2) if they object to the charges,

an opportunity to a hearing. *See Goss v. Lopez*, 419 U.S. 565, 577-584 (1975); *R.M.B. v. Bedford Cnty Sch. Bd.*, 2015 WL 4092301, at *3 (W.D. VA. July 7, 2015). Ms. Parr's testimony established a *prima facie* case that W.C.P. never received notice of the exact charge or the length of suspension he was facing—meaning LCS did not provide adequate notice of the charges against him. After the incident on May 5, 2026, Ms. Parr testified to receiving (1) a behavioral detail report that suggests the suspension was for 10 school days for a violation of the LCS' cell-phone policy;(2) a due process letter that explicitly was for short term (10 days or fewer) suspensions; (3) email and voicemail correspondences about changes she asked to be made to the report; and (4) notice of the May 14, 2026 hearing. P. Exs. 1-4. She testified she did not receive notice of a long-term suspension, *i.e.*, a suspension 11 days or longer, until after the May 14 hearing. P. Exs. 5-6. Based on this, the Court finds, at this early stage, that the likelihood of success on the merits factor weighs in favor of Plaintiffs; however, LCS may well have credible evidence that alters this analysis in future proceedings.

The likelihood of success on the merits is not the only factor in deciding whether to issue a TRO. The Court must also consider if W.C.P. faces irreparable harm if the TRO is not granted—he does. "[E]ducation is perhaps the most important function of state and local governments," *Brown v. Board of Education*, 347 U.S. 483, 493(1954), and suspensions are "serious event[s] in the life of the suspended child." *Lopez*, 419 U.S. at 576. Because of the extremely strong liberty interest at issue and the irreparable harm W.C.P. faces by not being able to begin his senior year of high school tomorrow, the Court **GRANTS** the TRO.[1]

It is **SO ORDERED.**

The Clerk of Court is directed to send a copy of this Order to all counsel of record.

---

[1] The Court finds the remaining TRO factors are neutral.

Entered this 17th of August, 2026.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE