UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| SCEAUNCIA PARR, individually and as next friend of W.C.P., a minor; and W.C.P., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>LYNCHBURG CITY SCHOOL BOARD,<br><br>Defendants. | Case No. 6:26-cv-95 |

**LYNCHBURG CITY SCHOOL BOARD'S ANSWER**

Defendant Lynchburg City School Board, by counsel, files this Answer to the Complaint filed by Plaintiffs Sceauncia Parr, individually and as next friend of W.C.P., a minor; and W.C.P., a minor.

**NATURE OF THE ACTION**

1. The allegations in paragraph 1 of the Complaint state a legal conclusion to which no response is required. If a response is deemed to be required, the allegations in paragraph 1 refer to statutory text and the contents of a document, which speak for themselves, and Defendant denies the allegations in paragraph 1 to the extent they are inconsistent therewith.

2. The allegations in paragraph 2 of the Complaint state a legal conclusion to which no response is required. If a response is deemed to be required, Defendant denies the allegations in paragraph 2.

3. Defendant denies the allegations in paragraph 3 of the Complaint.

4. Defendant denies the allegations in paragraph 4 of the Complaint and demands strict proof of Plaintiffs' entitlement to the relief requested.

**JURISDICTION AND VENUE**

5. The allegations in paragraph 5 of the Complaint are legal conclusions which do not require a response by Defendant.

6. The allegations in paragraph 6 of the Complaint are legal conclusions which do not require a response by Defendant.

7. The allegations in paragraph 7 of the Complaint are legal conclusions which do not require a response by Defendant.

8. The allegations in paragraph 8 of the Complaint are legal conclusions which do not require a response by Defendant.

9. The allegations in paragraph 9 of the Complaint are legal conclusions which do not require a response by Defendant.

10. The allegations in paragraph 10 of the Complaint are legal conclusions which do not require a response by Defendant.

**PARTIES**

11. Defendant admits only that Plaintiff Sceauncia Parr is the parent of W.C.P. and sues individually and as his next friend. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 11 of the Complaint and the same are denied.

12. Defendant admits only that Plaintiff W.C.P., during the time period relevant to the Complaint, was an eleventh grade student enrolled as E.C. Glass High School in the Lynchburg City Schools division, and that he is a minor, born in 2009. Defendant lacks sufficient information

or knowledge to admit or deny the remaining allegations in paragraph 12 of the Complaint and the same are denied.

13. The allegations in paragraph 13 of the Complaint are legal conclusions which do not require a response by Defendant.

14. The allegations in paragraph 14 of the Complaint are legal conclusions which do not require a response by Defendant.

**EXHAUSTION AND FINALITY**

15. The allegations in paragraph 15 of the Complaint refer to contents of a document, which speaks for itself; and the remaining allegations in paragraph 15 are legal conclusions which do not require a response by Defendant.

**FACTUAL ALLEGATIONS**

16. Admitted to the extent that W.C.P. has acknowledged producing a list of statements about students associated with another school's lacrosse program and circulating it to several persons using his phone, but otherwise Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 16 of the Complaint as presently drafted, and the same are denied.

17. Admitted to the extent that W.C.P. has acknowledged producing a list of statements about students associated with another school's lacrosse program and circulating it to several persons using his phone, but otherwise Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 17 of the Complaint as presently drafted, and the same are denied.

18. Defendant admits only that the communication W.C.P. sent was brought to the attention of numerous individuals, including parents, school officials, and the Lynchburg Police Department. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 18 of the Complaint and the same are denied.

19. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 19 of the Complaint and the same are denied.

20. Defendant admits only that on May 6, 2026, Principal Daniel Rule submitted a Behavior Detail Report related to W.C.P.'s offense and thereby impose a ten-day suspension. The Behavior Detail Report speaks for itself and Defendant denies the allegations in paragraph 20 of the Complaint to the extent they are inconsistent with that document. The allegations in paragraph 20 of the Complaint also include legal conclusions which do not require a response by Defendant.

21. Defendant states that the allegations in paragraph 21 of the Complaint refer to a document, which speaks for itself, and that Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 21 and the same are denied.

22. Defendant admits only that on May 7, 2026, Principal Rule issued a Notice of Long-Term Suspension Recommendation. The Notice speaks for itself and Defendant denies the allegations in paragraph 22 of the Complaint to the extent they are inconsistent with that document.

23. The allegations in paragraph 23 of the Complaint state a legal conclusion to which no response is required. If a response is deemed to be required, the allegations in paragraph 23 are denied.

24. Defendant admits the allegations in paragraph 24 of the Complaint.

25. Defendant admits the allegations in paragraph 25 of the Complaint.

26. Defendant admits the allegations in paragraph 26 of the Complaint.

27. Defendant admits only that the events did not involve serious bodily injury. The remaining allegations in paragraph 27 of the Complaint are legal conclusions which do not require a response by Defendant.

28. The allegations in paragraph 28 of the Complaint state a legal conclusion to which no response is required. If a response is deemed to be required, the allegations in paragraph 28 are denied.

29. Defendant admits only that the Behavior Detail Report and Notice of Long Term Suspension describe the content of W.C.P.'s communications in detail. The remaining allegations in paragraph 29 of the Complaint state legal conclusions to which no response is required, and describe documents which speak for themselves. To the extent a response is required and the allegations in paragraph 29 are inconsistent with the documents themselves, such allegations are denied.

30. The allegations in paragraph 30 of the Complaint state a legal conclusion to which no response is required. If a response is deemed to be required, Defendant admits that Plaintiff received notice that he was charged with a cell phone violation, denies that he only received notice that he was charged with a cell phone violation, and otherwise denies the remaining allegations in paragraph 30 of the Complaint.

31. The allegations in paragraph 31 of the Complaint refer to a document which speaks for itself. To the extent the allegations in paragraph 31 are inconsisten therewith, they are denied.

32. Defendant admits only that it permitted W.C.P. to complete his final examinations during his junior year, including four Advanced Placement examinations, after the May 14 disciplinary hearing. Defendant denies the remaining allegations in paragraph 32 of the Complaint.

33. Defendant admits that W.C.P. had no prior disciplinary record, but otherwise denies the allegations in paragraph 33 of the Complaint.

34. Defendant admits that as a result of W.C.P.'s underlying conduct giving rise to discipline, he was not permitted to play during the remainder of the eleventh-grade lacrosse season, but otherwise denies the allegations in paragraph 34 of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant admits that Plaintiffs accepted the academic-continuity arrangement and the final-examination accommodations, and lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 37 of the Complaint and the same are denied.

**COUNT I**

38. Defendant incorporates its responses in the preceding paragraphs as though fully set forth herein.

39. The allegations in paragraph 39 of the Complaint are legal conclusions which do not require a response by Defendant.

40. The allegations in paragraph 40 of the Complaint are legal conclusions which do not require a response by Defendant.

41. The allegations in paragraph 41 of the Complaint state a legal conclusion to which no response is required. If a response is deemed to be required, Defendant admits that Plaintiff received notice that he was charged with a cell phone violation, denies that he only received notice that he was charged with a cell phone violation, and otherwise denies the remaining allegations in paragraph 41 of the Complaint.

42. The allegations in paragraph 42 of the Complaint are legal conclusions which do not require a response by Defendant.

43. The allegations in paragraph 43 of the Complaint are legal conclusions which do not require a response by Defendant.

44. The allegations in paragraph 44 of the Complaint are legal conclusions which do not require a response by Defendant.

**COUNT II**

45. Defendant incorporates its responses in the preceding paragraphs as though fully set forth herein.

46. The allegations in paragraph 46 of the Complaint are legal conclusions which do not require a response by Defendant.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. Defendant denies the allegations in paragraph 48 of the Complaint.

49. Defendant denies the allegations in paragraph 49 of the Complaint.

50. The allegations in paragraph 50 of the Complaint are legal conclusions which do not require a response by Defendant.

51. The allegations in paragraph 51 of the Complaint are legal conclusions which do not require a response by Defendant.

**COUNT III**

52. Defendant incorporates its responses in the preceding paragraphs as though fully set forth herein.

53. The allegations in paragraph 53 of the Complaint are legal conclusions which do not require a response by Defendant.

54. The allegations in paragraph 54 of the Complaint are legal conclusions which do not require a response by Defendant.

55. Defendant admits only that it suspended W.C.P. for ninety school days. Defendant denies the remaining allegations in paragraph 55 of the Complaint.

56. Defendant denies the allegations in paragraph 56 of the Complaint.

57. Defendant denies the allegations in paragraph 57 of the Complaint.

**COUNT IV**

58. Defendant incorporates its responses in the preceding paragraphs as though fully set forth herein.

59. The allegations in paragraph 59 of the Complaint are legal conclusions which do not require a response by Defendant.

60. Defendant denies the allegations in paragraph 60 of the Complaint.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to the relief requested and demands strict proof of the same.

All allegations not expressly herein admitted are denied.

**AFFIRMATIVE DEFENSES**

1. The affirmative defense of latches precludes Plaintiffs' request for equitable and/or injunctive relief.

2. The affirmative defense of unclean hands precludes Plaintiffs' ability to seek equitable and/or injunctive relief.

3. The affirmative defense of equitable estoppel precludes Plaintiffs' ability to seek equitable/or injunctive relief.

4. The affirmative defense of waiver precludes Plaintiffs' ability to seek equitable and/or injunctive relief.

5. Plaintiffs' failure to state a claim precludes Plaintiffs' ability to seek relief in law or equity.

Dated: August 21, 2026.

Respectfully submitted,

By: /s/ Robert A. DeRise

Robert A. DeRise (VSB No. 78431)
WOODS ROGERS VANDEVENTER
BLACK, PLC
828 Main Street, 19th Floor
Lynchburg, Virginia 24504
Phone: (434) 846-9119
Fax: (434) 846-0337
robert.derise@woodsrogers.com

Jamie H. Wood (VSB No. 97297)
WOODS ROGERS VANDEVENTER
BLACK, PLC
10 South Jefferson Street, Suite 1800
Roanoke, Virginia 24011
Telephone: (540) 983-7785
Facsimile: (540) 427-7479
jamie.wood@woodsrogers.com

*Counsel for Defendant*
*Lynchburg City School Board*