**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

CLERKS OFFICE US DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED
September 17, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Kayla Lokey
DEPUTY CLERK

| | | |
|---|---|---|
| **Sceauncia Parr, et al** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No.: 6:26cv95** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Lynchburg City School Board** | ) | **By: Hon. Joel C. Hoppe** |
| | ) | **United States Magistrate Judge** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## SETTLEMENT CONFERENCE ORDER

This case has been referred to the Magistrate Judge for a settlement conference. To facilitate the just and expeditious resolution of this case, it is **ORDERED** as follows:

1. All parties and their lead counsel are required to appear by ZOOM at the settlement conference scheduled **at 10:00 a.m. on** September 22, 2026**,** for the purpose of conducting discussions, in good faith, towards a compromise resolution of this case.

2. At the settlement conference, the parties may provide a brief presentation outlining the factual and legal highlights of the case. Separate confidential caucuses with the Magistrate Judge will follow the opening session.

3. Each party must bring to the settlement conference a person who is knowledgeable about the facts of the case and who has final authority up to the amount of plaintiff's last demand (or any demand made on a cross-claim or counterclaim), to be employed at that person's discretion, to resolve all facets of the case without having to seek or obtain additional authority from persons not in attendance.[1] No party or party representative may

1 If final authority to settle is vested only in a governing board, claims committee, or equivalent body and cannot be

appear at the settlement conference via telephone without first obtaining court approval. If there are issues involving medical or other liens, a representative with authority for the lien holder shall attend and participate in the settlement conference. The requirements of this paragraph may only be waived by the Magistrate Judge.

4. Prior to the settlement conference, the parties should make good faith efforts to negotiate and settle the case. Specific proposals and counter proposals beyond the initial offer and demand should be exchanged. This exchange shall include drafts of any proposed settlement agreement so that the parties may discuss the terms of the proposed settlement agreement and identify those terms that are agreeable and those terms that are not agreeable to any party.

5. The substantive negotiations at the settlement conference are **CONFIDENTIAL** and may not be used by the parties for any purpose other than settlement. The parties and representatives attending or participating in the settlement conference are required to negotiate in good faith.

6. The parties are advised that during the course of the settlement conference, it is expected and understood that the Magistrate Judge will provide legal information and evaluation to aid the parties in making informed decisions. Such legal information and evaluation includes, for example, assessing the strength and weaknesses of factual and legal positions, the value and costs of alternatives to settlement, and any barriers to settlement. By participating in a settlement conference with the Magistrate Judge, the parties are deemed to have requested and consented to such an evaluative approach. Should a party not be interested in an evaluative approach, they

---

delegated to a representative, an entity must disclose (in writing or electronically) this fact to all other parties and the Magistrate Judge at least 14 days before the mediation session will occur. The required disclosure must identify the board, body, or person in whom final settlement authority is vested. In this instance, the party must send the person (in addition to counsel of record) who has, to the greatest extent feasible, authority to recommend a settlement, and who is knowledgeable about the facts of the case, the entity's position, and the procedures and policies under which the entity decides whether to accept proposed settlements.

should so advise the Magistrate Judge. In that case, the settlement conference will be cancelled, and the parties may avail themselves of private mediation.

7. The parties are further advised that (i) the Magistrate Judge does not provide legal advice; (ii) any agreement reached at the settlement conference may affect the legal rights of the parties; (iii) each party has the opportunity to consult with independent legal counsel at any time and is encouraged to do so; and (iv) each party should have any draft settlement agreement reviewed by independent counsel prior to signing the agreement.

8. Counsel for the parties shall schedule a conference call with the court approximately fourteen (14) days in advance of the settlement conference to discuss the issues in the case, the settlement conference process, and any unusual circumstances or questions. Such initial communications should involve all parties. Thereafter, the parties may raise confidential or strategic considerations with the Magistrate Judge on a separate and confidential basis.

9. **The parties shall submit a brief statement as to their factual and legal position seven (7) days before the settlement conference.** The parties may submit this statement in either memorandum or letter form. The parties are required to exchange statements so that the opposing side may have a complete understanding of each side's position. The statements should address relevant factual issues, legal positions, and the history of any settlement demands or offers in the case. The statement must identify the persons who will be present at the settlement conference, their positions, and the basis for their authority to resolve the case. Finally, the statement shall include an affirmative representation that the persons attending the settlement conference will meet the authority requirement of paragraph 3 of this Order. **This statement should not be electronically filed but is to be emailed to hoppe.ecf@vawd.uscourts.gov.** The parties may also submit a separate statement to the Magistrate Judge relating confidential or strategic issues affecting settlement.

10. Submissions to the court in preparation for settlement conference should total no more than **fifty (50) pages** combined, including exhibits.

11. If the case is resolved at the settlement conference, the parties will be required to execute a settlement agreement that day. Therefore, the parties shall bring an electronic version of the proposed settlement agreement, in Word format, to the conference to facilitate preparation and execution of the settlement agreement.

12. If a party appears at the settlement conference without having complied with the requirements of this Order or fails to negotiate in good faith at the settlement conference, the Magistrate Judge may continue or cancel the settlement conference, and may assess against the non-complying party, attorney, or both, a monetary sanction, which may include the fees and expenses incurred by the other parties in attending the settlement conference.

13. For additional guidance on mediation preparation, parties may refer to Exhibit A attached to this Order.

14. The parties and counsel may bring a phone and laptop or tablet into the courthouse for the settlement conference, subject to court security inspection.

Enter: 9/17/2026.

Joel C. Hoppe
United States Magistrate Judge